[L. A. No. 187.    Department Two.—May 14, 1897.]

## F. BOEHMER, Appellant, v. BIG ROCK IRRIGATION DISTRICT et al., Respondents.

Water Rights—Action to Quiet Title—Riparian Ownership—Burden of Proof—Railroad Land—Canceled Patent—Insufficiency of Evidence.—In an action by a plaintiff claiming to be a riparian owner, to quiet title to water rights alleged to be appurtenant to lands of which he and his predecessors in interest were seised in fee, where his ownership of such lands is denied, the burden of proof is upon him to establish it; and where it appeared that he claimed the riparian land as successor in interest of the Southern Pacific Company, whose patent had been canceled by the United States, and that he failed to prove himself within the exceptions of the decree canceling the patent, a finding of his ownership is not justified by the evidence.

Id.—Nonriparian Lands Contiguous to Riparian Lands—Distinct Titles—Improper Finding.—Mere contiguity cannot extend a riparian right, which is appurtenant to one-quarter section of land, to another through which the stream does not flow, though both are owned by the same person; and where quarter sections acquired by the plaintiff under distinct patents are in fact nonriparian to the stream in controversy, a finding which classes them as riparian to such stream merely because they are owned by the plaintiff, and are contiguous to the quarter sections through which the stream flows, which are held by the plaintiff under other patents, is improper and unwarranted.

Id.—Springs—Percolating Waters—Subordination of Right—Immaterial Finding.—Where it appears that the rights of the defendants to a stream fed by springs on plaintiff's land are subject to the rights of the plaintiff, a finding that the springs are fed by percolating waters is unimportant; and where such finding is assailed as unsustained by the evidence, it is immaterial to inquire whether it is sustained by proof, or by a presumption that the springs are so fed.

Id.—Action against Irrigation District and Trustees—Disclaimer by Trustees — Joint Motion for New Trial — Order Granting Motion—Harmless Ruling.—Where the action to quiet title to water rights was brought against an irrigation district, and its trustees named individually as defendants, and the latter disclaimed all interest in the controversy, and findings and judgment were given against the irrigation district, but a motion for new trial was made by all of the defendants jointly, and granted by the court, although the trustees were not proper parties to the motion, not being aggrieved by the findings and judg-

ment against the irrigation district, yet the order being rightly made as to the irrigation district, the plaintiff is not injured by the joinder of the trustees in the motion, nor by the granting of the motion as to all of the defendants, and the ruling must be considered as harmless under section 475 of the Code of Civil Procedure, by which any error in the procedure not affecting the substantial rights of the parties must be disregarded.

ID. — ORDER GRANTING NEW TRIAL — GROUNDS OF MOTION — POWER OF COURT.—Where the order granting a motion for a new trial is sustained by the grounds stated in the motion, and purports to be granted on those grounds, the fact that the court further professes to grant it upon its own motion does not vitiate the order, and the question does not arise whether the court has power to order a new trial of its own motion, the cause having been heard by the court without a jury.

ID.—IRRIGATION DISTRICT—PUBLIC CORPORATION—LIABILITY TO SUIT— CONSTRUCTION OF WRIGHT ACT—RIGHT TO APPEAR AND DEFEND.—Although an irrigation district organized under the Wright Act is a public corporation, and the officers are public officers of the state, and although the state and its public agencies cannot be sued without express authority from the state itself, yet the terms of section 14 of the Wright Act, which authorize the board of directors to "sue, appear and defend in person or by attorney, and in the name of such irrigation district," are to be construed as effective to subject the district to an action— the right to "appear and defend" implying the liability to be sued.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial. LUCIEN SHAW, Judge.

The facts are stated in the opinion.

*Louis Luckel,* and *Schutz & Luckel* for Appellant.

A motion for a new trial is indivisible, and, when made jointly by two or more parties, if it cannot be allowed as to all, it must be overruled as to all. (*Minick* v. *Huff,* 41 Neb. 516; *Long* v. *Clapp,* 15 Neb. 417; *Real* v. *Hollister,* 17 Neb. 661; *Boldt* v. *Budwig,* 19 Neb. 739; *Dunn* v. *Gibson,* 9 Neb. 513; *Dutcher* v. *State,* 16 Neb. 30; *Wiggenhorn* v. *Kountz,* 8 Am. St. Rep. 150; 23 Neb. 690; *Dorsey* v. *McGee,* 30 Neb. 657; *Miller* v. *Adamson,* 45 Minn. 99; *Boyd* v. *Anderson,* 102 Ind. 217; *Carver* v. *Carver,* 97 Ind. 497; *Feeney* v. *Mazelin,* 87 Ind. 226; *Robertson* v. *Garshwiler,* 81 Ind. 463; *Wolfe* v. *Kable,* 107 Ind. 565, citing other cases; *North Platte Milling etc. Co.* v. *Price* (Wyo. 1894), 33 Pac. Rep. 664.) There is noth--

ing in the record to show that plaintiff was a party to the suit canceling the railroad patent, and this plaintiff must be protected as a *bona fide* purchaser for value. (*Colorado etc. Co.* v. *United States,* 123 U. S. 307; *United States* v. *Marshall etc. Min. Co.,* 129 U. S. 579.) An action to quiet title may be sustained upon a possessory interest. (*Coleman* v. *San Rafael etc. Co.,* 49 Cal. 520, 521; *Stoddart* v. *Burge,* 53 Cal. 394; *Pierce* v. *Felter,* 53 Cal. 18.) It must be presumed that the springs on plaintiff's land were fed by percolating waters. (*Hanson* v *M cCue,* 42 Cal. 303; 10 Am. Rep. 299; *Southern Pac. R. R. Co.* v. *Defour,* 95 Cal. 615; *Gould* v. *Eaton,* 111 Cal. 639; 52 Am. St. Rep. 201.) The court has no power to grant a new trial of its own motion, when it has tried the cause without a jury. (Code Civ. Proc., sec. 662.) Plaintiff's tract being single, and derived immediately from one grantor, it is immaterial what were the original sources of title, as the law respects form less than substance. (Civ. Code, sec. 3528; *Alta Land etc. Co.* v. *Hancock,* 85 Cal. 220; 20 Am. St. Rep. 217; 28 Am. & Eng. Ency. of Law, 948.) This suit is properly maintained against the irrigation district. (Boone on Corporations, sec. 854, and note; Wright Act, Stats. 1887, p. 35, sec. 14.)

*Mulford & Pollard,* for Respondents.

An irrigation district is a public corporation, and its officers are public officers of the state, and it is a political subdivision of the state, exempt from suit. (*In re Madera Irr. Dist.,* 92 Cal. 296, 319; 27 Am. St. Rep. 106; *Quint* v. *Hoffman,* 103 Cal. 506; *Rialto Irr. Dist.* v. *Brandon,* 103 Cal. 384; *Whittaker* v. *Tuolumne County,* 96 Cal. 100; *Hastings* v. *San Francisco,* 18 Cal. 59; *People* v. *Doe,* 36 Cal. 220; *Sharp* v. *Contra Costa County,* 34 Cal. 284; *Rose* v. *Estudillo,* 39 Cal. 274; *Winbigler* v. *Los Angeles,* 45 Cal. 36; *Tranter* v. *Sacramento,* 61 Cal. 271; *Skelly* v. *Westminster School Dist.,* 103 Cal. 652; *Meriwether* v. *Garrett,* 102 U. S. 472; *North Carolina* v. *Temple,* 134 U. S. 22; *Hans* v. *Louisiana,* 134 U. S. 1; *Memphis etc. R. R. Co.* v.

*Tennessee,* 101 U. S. 337.) Quarter sections, derived by separate titles, through which the stream does not flow, cannot be classed as riparian, because contiguous to riparian quarter sections, held under separate patents. (*Alta etc. Co.* v. *Hancock,* 85 Cal. 219-29; 20 Am. St. Rep. 217; *Lux* v. *Haggin,* 69 Cal. 424, 425.)

HAYNES, C.—This action is prosecuted by the plaintiff to quiet title to certain water rights alleged to be appurtenant to certain of his lands as riparian owner. The cause was heard upon an agreed statement of facts and the deposition of one witness. Written findings were filed and judgment entered. The defendants moved for a new trial, and upon the hearing thereof the following minute order was made: " Defendants move the court for new trial herein on the grounds stated in the notice of motion on file. Motion is argued and thereupon granted on the grounds stated, and also on the court's own motion for the reason that the findings are contrary to the evidence and were signed and filed inadvertently by the court without observing the error, the same having been prepared by counsel for the plaintiff."

This appeal is by the plaintiff from said order. Defendants' motion for a new trial specified three findings as not justified by the evidence.

1. That the second finding, in so far as it finds that the plaintiff and his predecessors in interest have been since the year 1871 the owners and seised in fee of the northeast quarter of section 7 in township 4 north, range 9 west, San Bernardino base and meridian, is not justified by the evidence.

Plaintiff's ownership of said quarter section was denied by the answer, and therefore the burden was on the plaintiff to prove title. The stipulation shows that said land was within the grant to the Southern Pacific railroad in aid of its branch line, under the act of March 3, 1871, and also within the grant to the Atlantic and Pacific railroad under the act of July 27, 1866; that

said quarter section was patented to the Southern Pacific Company in 1876, and was conveyed by said company in 1882 to one James O'Reilly, under whom the plaintiff claims; that before O'Reilly conveyed, the United States brought suit against the railroad company and O'Reilly to cancel the patents to a large quantity of land, embracing the above quarter section; that a decree was entered adjudging that the United States was the owner thereof, and canceling the patent issued therefor, but saving the rights of pre-emptors and homesteaders holding under patents issued to them, and also saving the rights of the defendants other than the railroad company acquired under the act of Congress entitled "An act to provide for the adjustment of land grants, approved March 3, 1887."

The patent to the railroad company having been canceled, and the plaintiff not having given any evidence to show that he or his grantor was within any of the exceptions named, he failed to prove his allegation of ownership.

2. It is also clear that the defendants' exception to the third finding is well taken.  The second finding is that plaintiff is seised in fee of a large number of quarter sections therein described by section, township, and range, but not otherwise; and the third finding is that said lands lie along and adjoin natural streams of running water, namely, the Rio Llano, or Big Rock creek, and another stream known as Pallett's creek.

The individuals named as defendants—as to whom the only allegation is that they constitute the board of directors of said irrigation district—disclaimed all interest in the controversy, and the corporation disclaimed all interest in the waters of Pallett creek.  The stipulation shows that three of the quarter sections in township 4, range 9 west, do not touch Big Rock creek, though they adjoin other quarter sections owned by plaintiff through which said stream runs; and the same is true of certain quarter sections in township 4 of range 10 west.  The third finding would show, there-

fore, that all the lands of plaintiff described in the complaint are riparian, and would eliminate the question whether the quarter sections which do not touch the stream are riparian because they are contiguous to other quarter sections through which the stream runs, and which are thus brought within the fourth finding, which is that plaintiff's lands through which the streams run are riparian, and entitles the plaintiff to the reasonable and necessary use of the water therefrom for domestic and irrigation purposes, while said fourth finding clearly limits plaintiff's riparian rights to those quarter sections through which the streams run.

3. The fifth finding is also excepted to so far as it finds that certain springs on plaintiff's land are fed solely by percolating waters. This exception is unimportant in view of the sixth finding, which is to the effect that the rights of the defendants to the waters of Big Rock creek, or to said springs, are subject to said rights of the plaintiff, and it is therefore not necessary to consider whether the presumption is that said springs are fed by percolating waters in the absence of any evidence as to how they are fed.

Appellant further contends that the order appealed from must be reversed because the motion for a new trial was made by all the defendants, while the individuals named as defendants, having disclaimed all interest in the controversy, were not affected or injured by the findings or judgment; in other words, that "a motion for a new trial is indivisible, and when made jointly by two or more parties, if it cannot be allowed as to all, it must be overruled as to all."

Appellant cites six or seven cases from Nebraska, about the same number from Indiana, one from Minnesota, and one from Wyoming, which sustain his said proposition.

The early Indiana cases—which seem to have been the pioneers of this line of decisions—adopted it in analogy to the ruling that a joint demurrer will be overruled unless it is well taken as to all the demur-

rants jointly; and *Asevado* v. *Orr*, 100 Cal. 293, and *Rogers* v. *Schulenburg*, 111 Cal. 281, are cited to the point that a joint demurrer by all the defendants is properly overruled if the complaint is good against either of them.

The question here presented has not before been considered or decided by this court so far as I have been able to find. Whether the cases cited by appellant were rightly decided under the practice prevailing in those states we need not consider. Obviously it is one of those questions which should be determined in harmony with the principles governing our own practice. It is true that the individual defendants, having disclaimed all personal interest in the controversy, were not injured by the findings or judgment, and were not "aggrieved" thereby. But the order granting a new trial having been rightly made as to one of the defendants—the irrigation district—the plaintiff was not injured by the joinder of the individual defendants in the motion, nor by the granting of the motion as to all, and he should not be permitted to profit by findings which do not accord with the facts which he has stipulated to be true if it can be avoided. Section 475 of the Code of Civil Procedure provides: "The court must in every stage of an action disregard any error or defect in the proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect." In the face of this provision appellant's contention cannot be sustained.

It is also contended by appellant that the court had no power to order a new trial of its own motion, the cause having been tried by the court without a jury. The order granting a new trial does not profess to have been granted solely upon the court's own motion, and, as the grounds stated in defendants' motion fully justified the order, the point made by appellant need not be considered.

Appellant also contends that his riparian rights ex-

tend to those quarter sections not on the stream, inasmuch as they are contiguous to those that are washed by it.

As already seen, the fourth finding obviously intended to limit plaintiff's riparian rights to those descriptions through which the streams run; but this intention was defeated by the third finding, and, the judgment having been entered in accordance therewith, the result is that all of the plaintiff's tracts of land described in the complaint are adjudged to be riparian, except two quarter sections constituting the north half of section 2 in township 4, range 10 west, and there is nothing in the findings to show that these parcels are differently situated.

If appellant's contention as stated in his brief were sound, it would follow that if A owned a tract of land upon a stream, that his riparian rights which he acquired by the purchase of that tract would extend to all lands he might subsequently acquire, no matter from whom nor under what circumstances his vendor obtained title, nor how distant from the stream, provided he owned all the land between the stream and the land so purchased.

The facts stipulated are, however, that all the lands described in the complaint, except the northeast quarter of section 7, township 4 north, range 9 west, and two quarter sections in range 10, were patented by the United States to William S. Chapman on June 1, 1870, by fourteen separate patents based on fourteen different entries, and that plaintiff is the owner of each of these fourteen quarter sections "by mesne conveyances under said William S. Chapman."

With the exception of lands within confirmed Mexican grants, the Virginia military reservation and perhaps some other reservations, granted in early days, it has been the policy of the general government to subdivide the public domain into small tracts, and to dispose of them as such, and for the purpose of carrying out such policy restricted the right of entry under the homestead

and pre-emption laws to one hundred and sixty acres. Even in its grants to railroads, by granting alternate sections, it prevented the acquisition from the government of large bodies of contiguous lands, and a similar policy is pursued by the state in disposing of state lands.

In *Lux* v. *Haggin*, 69 Cal. 255, at pages 424, 425, it was said: "It is to be borne in mind that if the court had found a watercourse to, through or past any one of the tracts described in the complaint, only such of the certificates of purchase would have been admissible as showed the purchase of tracts so found by the court to be touched or traversed by the watercourse. . . . If we shall say in general terms that the certificates of purchase ought to have been admitted, this must be understood in a limited sense, and to apply only to the certificates with reference to the land described, as to which there is evidence that they are lands by or through which the watercourse passed. All the sections or fractional sections mentioned in any one certificate constitute a single tract of land."

In the case at bar the stipulation is that these fourteen quarter sections were granted each by a separate patent, each patent being based upon a separate entry, and these fourteen quarter sections therefore constitute fourteen distinct tracts of land, and mere contiguity cannot extend a riparian right which is appurtenant to one quarter section to another, though both are now owned by the same person.

It is alleged in the answer that said irrigation district "is a municipal corporation, and is not subject to be sued in this action," and we are asked by respondent to adjudicate that question.

It is true, as appellant suggests, that it cannot be considered as affecting the order appealed from; but as that order must be affirmed, and as the question must again arise, unless abandoned by the defendant corporation, it should be disposed of now so as to avoid another appeal.

We are not referred to any case where this question has been raised or decided. The fact that it has not been before made, while by no means conclusive, is suggestive of the construction given to the statute by the bar.

Section 14 of the "Wright Act" (Stats. 1887, p. 35), after giving express authority to the board of directors "to institute and maintain any and all actions and proceedings, suits at law or in equity, necessary or proper in order to fully carry out the provisions of this act, or to enforce, maintain, protect or preserve any and all rights, privileges and immunities created by this act, or acquired in pursuance thereof," adds: "And in all courts, actions, suits or proceedings, the said board may sue, appear, and defend, in person or by attorneys, and in the name of such irrigation district."

This language is quite as effective to subject the district to an action as the more common expression "to sue and be sued."

"Appearance" is defined by Bouvier to be "a coming into court as a party to a suit, whether as plaintiff or defendant; the formal proceeding by which a defendant submits himself to the jurisdiction of the court"; while the word "defend" is defined in Black's Law Dictionary as follows: "To contest and endeavor to defeat a claim or demand made against one in a court of justice."

It is conceded that the state and its public agencies cannot be sued without express authority from the state itself, and that, as held in the matter of the bonds of the *Madera Irr. Dist.*, 92 Cal. 296, "An irrigation district organized under the Wright Act becomes a public corporation, and its officers become public officers of the state."

Undoubtedly a general statute authorizing individuals or private corporations to sue or be sued would not be construed to include municipal corporations; but where, as here, the statute in question relates directly and exclusively to corporations formed under it, that

part relating to its liability to sue or be sued must be determined by those rules of construction intended to aid in ascertaining the intention of the legislature, for whatever power it does bestow is granted directly and expressly to such corporation.

If such corporations may not be sued, no judgment can be rendered against them whether they appear and defend or not, and certainly the legislature did not intend that such actions should be profitless to the parties and only profitable to the attorneys, and perhaps not even amusing to the court. The right to appear and defend implies the liability to be sued.

The order appealed from should be affirmed.

SEARLES, C., and CHIPMAN, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.

Hearing in Bank denied.