LAKESIDE IRR. CO. v. KIRBY.†
(No. 5282.)

(Court of Civil Appeals of Texas. San Antonio. April 15, 1914. Rehearing Denied May 13, 1914.)

1. WATERS AND WATER COURSES (§ 152*)—PRESCRIPTIVE RIGHTS—PLEADING.

It having been only three years before commencement of the injunction suit when defendant was incorporated, and its answer not alleging that its predecessor in title claimed or exercised the sole right to pump water out of the lake, but merely that it had done so, the issue of it having acquired a prescriptive right to take all the water from the lake for irrigation is not raised.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 156, 157; Dec. Dig. § 152.*]

2. WATERS AND WATER COURSES (§ 152*)—PRESCRIPTIVE RIGHT—EVIDENCE.

Evidence in an injunction suit held insufficient to show a prescriptive right, by exercise thereof for ten years by defendant and its predecessor, prior to the suit, to take all the water from a lake for irrigation.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 156, 157; Dec. Dig. § 152.*]

3. PLEADING (§ 216*) — GENERAL DEMURRER TO PETITION.

Matters not alleged in the petition cannot be considered in support of a general demurrer to it.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 535–539; Dec. Dig. § 216.*]

4. WATERS AND WATER COURSES (§ 114*)—DIVERSION—INJUNCTION — ADEQUATE REMEDY AT LAW.

The remedy by action for damages for diversion of waters, not being as practical and efficient to the ends of justice and its prompt administration as that of injunction, is inadequate.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 124, 125; Dec. Dig. § 114.*]

5. WATERS AND WATER COURSES (§ 114*)—DIVERSION—INJUNCTION — ADEQUATE REMEDY AT LAW.

Under the statute an injunction is authorized though there be an adequate remedy at law.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 124, 125; Dec. Dig. § 114.*]

6. WATERS AND WATER COURSES (§ 247*)—INJUNCTION SUITS—NECESSARY PARTIES.

Persons whom defendant has contracted to furnish water, without any provision as to the

source thereof, are not necessary parties to a suit to enjoin it from pumping from a lake more water than it pumps into it; an injunction not preventing it from fulfilling the contracts, or prejudicing their rights thereunder.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 314; Dec. Dig. § 247.*]

7. WATERS AND WATER COURSES (§ 240*)—STATUTORY APPROPRIATION.
An irrigation company was not a statutory appropriator of waters from a lake, though it pumped water from a river into a canal leading into a lake, and then pumped from the lake; its irrigation affidavit stating the water was to be appropriated from the river.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 240.*]

8. WATERS AND WATER COURSES (§ 109*)—NATURAL LAKES — DIVERSION — RIGHTS OF OWNERS OF BED.
A person owning part of the bed of a natural lake, valuable with the water on it and worthless without it, has a right to have the water maintained at its natural level, unless lowered by another riparian owner for riparian uses; so that the owner of another part of the bed may not divert the water to irrigate nonriparian lands, when this injuriously affects the rights of the first owner.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 118, 119, 121; Dec. Dig. § 109.*]

9. JUDGMENT (§ 252*)—PRAYER.
Relief other than that specifically prayed for may be granted under the further prayer for general relief.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 441, 442; Dec. Dig. § 252.*]

Appeal from District Court, Colorado County; M. Kennon, Judge.

Suit by John H. Kirby against the Lakeside Irrigation Company. Judgment for plaintiff, and defendant appeals. Affirmed.

W. L. Adkins and J. J. Mansfield, both of Columbus, for appellant. A. J. Wirtz, of Eagle Lake, and Ring, Carothers & Brown, of Houston, for appellee.

MOURSUND, J. This appeal is from a judgment permanently and perpetually enjoining appellant from diverting water from Eagle Lake in such a way as to lower the level thereof and from pumping any water out of said lake unless it concurrently pumps an equal amount of water into the same. Eagle Lake is a natural lake with a normal area of 1,250 acres or more, entirely owned by private citizens. The appellee owns 700 acres out of the P. Reels survey, including 552 acres covered by the waters of the lake and 148 acres bordering on the lake. Appellant owns 452 acres out of the McLain & McNair league covered by the waters of the lake and adjoining appellee's land. The remainder of the lake is owned by other persons. Appellant, an irrigation company chartered under the laws of this state, owns a pumping plant on the Colorado river and carries the river water about two miles through a ditch to Moore's branch, an arm of the lake on the west side. On the east side of the lake the appellant has another pumping plant by which it pumps the water through its canals to consumers owning rice fields on surveys not riparian to the lake. Appellant was incorporated in 1909, at which time it bought the pumping plants and canal system of the Eagle Lake Rice Irrigation Company. Thereafter, until the spring of 1912, it pumped the lake almost dry each year. At said time the lake was full, and when appellant began pumping appellee filed this suit, and on May 24, 1912, a temporary injunction was granted restraining appellant from further lowering the level of the waters of the lake. Appellant's river pump has a capacity of 40,000 gallons per minute, and its two lake pumps together are capable of pumping 35,000 gallons per minute, and since May 24, 1912, appellant has pumped into the lake as much water as it pumped out. Appellee alleged that his 700 acres constitute a very valuable hunting and fishing preserve when the lake is in its normal condition, and will produce an income of about $2,500 from the sale of hunting and fishing privileges, but, if the water is unduly lowered, the tract becomes useless and valueless, and rank weeds and vegetation spring up in the bottom, choking same up and doing permanent and irreparable injury thereto; that defendant owns no farming land riparian to or adjacent to the lake, and does not use any water pumped from said lake to irrigate land riparian to same, but carries the water to lands remote therefrom, where it sells the water to various nonriparian owners to irrigate their rice lands. These allegations were sustained by proof. It was also alleged that plaintiff owns valuable farming land bordering on the lake. The proof showed that plaintiff and one Womack own a 1,000-acre tract in the McLain & McNair tract; their land being close to the lake, so that when it was extra full the water touched said land.

Defendant filed a general demurrer, a special exception, a general denial, a plea of prescriptive right to use all the water, and pleaded: That its vendor, the Eagle Lake Rice Irrigation Company, obtained a charter in 1900 as a public service irrigation company, and complied with title 73, c. 2, of the Revised Statutes, in establishing its canals and right to take water from Eagle Lake, which charter provided that "the general office of said corporation and its principal place of business shall be at Eagle Lake, Colorado county, Texas, and the head gate of said canal is to be constructed on the east bank of the Colorado river near the west corner of the McLain & McNair league, in Colorado county, Texas, and thence the water is to be conducted in a surface canal into a natural lake, named Eagle Lake; another head gate and pumping station is to be erected on the east margin of the said Eagle Lake

---

*For other cases see same topic and section.NUMBER in Dec. Dig. & Am. Dig. Key.-No. Series & Rep'r Indexes

on or near the east corner of the said league, —from thence the canal is to be run eastwards with two prongs, total aggregate length about twenty miles." That said company operated said irrigation plant for several years, and more than 12 years preceding the filing of the suit defendant bought the property and franchises of said company, procured a charter for the purpose of operating same, and ever since has operated said plant and taken water from said lake, and by such purchase became the owner of 452 acres of land, covered by a large part of the waters of said lake; one line of said land extending across the lake near its center, the defendant owning land on both sides of the lake at the termini of said line. That defendant went into actual possession of said lands, right of ways, canals, pumping plant, and property, and has ever since continued in possession thereof, operating the pumping plants and taking water from the lake for irrigation purposes, having the peaceable, open, notorious, exclusive, uninterrupted, and adverse possession of said canals and property with the knowledge of plaintiff and those under whom he claims, extending over a period of more than 12 years next preceding the filing of the suit, and has been the sole taker of water from said lake during said time, wherefore defendant again asserted its plea of prescriptive right. The final judgment, appealed from, was rendered on September 18, 1913.

[1, 2] By its first assignment of error appellant contends that the judgment is erroneous because the evidence shows that it had acquired a right by prescription to take all the water from Eagle Lake for the purposes of irrigation. This contention cannot be sustained. Appellant failed to plead that its predecessor in interest claimed or exercised the sole right to pump water out of said lake, but merely that appellant had done so, while the proof shows that appellant did not come into existence until March, 1909. But if the pleading had raised the issue, the evidence fails to show that the Eagle Lake Rice Irrigation Company and appellant together exercised for ten years prior to the filing of the suit the rights so claimed. Appellee acquired title to his 700 acres in 1908 from the estate of Wm. Dunovant. Dunovant pumped water out of the lake in 1901 and 1902, and was pumping in August, 1902, when he died. His administrators pumped water out of the lake in 1903 with three pumps, one 20-inch, one 18-inch, and the other a 12-inch pump. The 20-inch pump had a capacity of about 15,000 gallons per minute. This suit was filed May 12, 1912. It further appears that appellant has never denied or questioned the right of Dunovant or Kirby to the waters of the lake. During some years appellant's predecessor pumped practically all of its water from the river for the entire year. In 1906 or 1907, Kirby had a conversation with the president of the Eagle Lake Rice Irrigation Company, in which he complained of the lowering of the water by said company, and said president told him they had not put in quite as much water as they had taken out, but that the matter would come out all right. Kirby's understanding of said president's statement was that such company was to put in as much water as it took out, and no claim was made to him that the company had the right to pump all the water out of the lake. The testimony is wholly insufficient to show any prescriptive right to pump all the water out of the lake.

[3] The second assignment complains of the overruling of the general demurrer. The first proposition reads as follows: "As the unappropriated waters of the streams of Texas belong to the public for the purposes of irrigation, if appellee owns land susceptible of cultivation riparian to Eagle Lake as alleged by him then all water not reasonably needed or appropriated by appellee, to be proved by him, for domestic purposes, stock raising, and to irrigate such land, is subject to appellant's statutory appropriation, or where it appears that appellee is not making, or contemplates the making, of any such use, appellant's appropriation cannot be enjoined."

We find no allegations in the petition to which this proposition can be applied. The petition discloses no statutory appropriation by appellant, nor any allegation that the waters of the lake are subject to appropriation under the statute.

[4, 5] By the second proposition it is contended the allegations show that appellee had a legal remedy for damages and was therefore not entitled to an injunction. The remedy of suit for damages would be inadequate, under the facts alleged; that is, not as practical and efficient to the ends of justice and its prompt administration as would that of injunction. In addition, under our statute an injunction is authorized though there be an adequate legal remedy. Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994; Sullivan v. Dooley, 31 Tex. Civ. App. 589, 73 S. W. 82; Santa Rosa Irrigation Co. v. Pecos River Irr. Co., 92 S. W. 1015.

[6] The third assignment reads as follows: "The court erred in rendering judgment enjoining the defendant, Lakeside Irrigation Company, from furnishing water from Eagle Lake to the lands of various persons who are entitled to such water under contracts with defendant to furnish same as long as defendant's canal should be operated, and which persons are not parties to this suit."

The contracts do not provide that water is to be furnished from Eagle Lake, and the appellant is not restrained from furnishing water to those with whom it has contracts. It is undisputed that said persons have no riparian rights in the waters of the lake, and we cannot see that it is any concern of theirs

whether appellant is required to pump into the lake as much water as it takes out. The injunction does not prevent the fulfillment of their contracts, or prejudice their rights under such contracts, and they were not necessary parties to this suit. Biggs v. Miller, 147 S. W. 637. In the case of Matagorda Canal Co. v. Markham Irr. Co., 154 S. W. 1177, it was alleged by plea in abatement that certain persons, naming them, had contracts with defendant, and if defendant was enjoined from taking water from the Colorado river the crops of the parties would be destroyed, and it was further alleged that said persons had riparian rights superior to any held by plaintiff. It was held that said persons were necessary parties to the suit. In said case as well as that of Watkins Land Co. v. Clements, 98 Tex. 578, 86 S. W. 733, 70 L. R. A. 964, 107 Am. St. Rep. 653, the injunction sought would have directly prevented the fulfillment of the contracts held by persons not parties to the suit. In this case the evidence shows that all contracts were complied with during the pendency of the injunction, and that the injunction does not affect such contracts. The assignment is overruled.

[7-9] The fourth assignment reads as follows: "The court erred in rendering judgment restraining defendant from pumping any water out of Eagle Lake unless it concurrently pumped an equal amount of water into Eagle Lake, for the reason that there are no pleadings to justify such restraint, and no prayer therefor by plaintiff."

By the first proposition it is contended that as appellee failed to allege that he was sole owner of the bed of the lake or the necessity for use of all the waters for domestic purposes, stock raising, or reasonable irrigation of cultivatable land riparian thereto, he has stated no grounds for a judgment enjoining appellant from taking any water out of the lake, and in this connection it is asserted that appellant is a statutory appropriator of the waters of the lake. The irrigation affidavit of the Eagle Lake Rice Irrigation Company, under whom appellant holds, states that the water is to be appropriated from the Colorado river and not from Eagle Lake; hence we may discard the theory that appellant is a statutory appropriator of the waters of the lake. Article 4996, Rev. Stat. 1911. The case of Biggs v. Lee, 147 S. W. 709, therefore, has no application to the facts of this case, as it merely holds that a riparian owner as against a statutory appropriator does not have the right to have all the water flow past his land. The statutes do not mention natural lakes, and it may be doubted whether any designation made can be construed to cover such lakes. While it is alleged that appellee has cultivatable land riparian to the lake, it is not alleged that he had irrigated or desired to irrigate any land; but he alleged that appellant had no cultivatable land riparian to the lake and that it was pumping the water to lands not riparian thereto. Appellant contends that it can take all the water for irrigation purposes because such taking does not interfere with appellee's use of same for irrigation, domestic purposes, or stock raising, as he does not allege that he is using it for either of such purposes. On the other hand, appellee contends that under our decisions, being a riparian owner, he is entitled to have the lake remain in its normal condition, subject only to the right of other riparian owners to take from it such water as they need for their domestic uses and for their stock and to make a reasonable use thereof for irrigating their riparian lands.

In the case of Watkins Land Co. v. Clements, 98 Tex. 589, 86 S. W. 738, 70 L. R. A. 964, 107 Am. St. Rep. 653, the court said: "Plaintiffs have not the right to apply all of the water flowing from Toyah Spring or along that creek to their riparian lands, but have a right in common with others to make a reasonable use of the water. Neither have they the right to appropriate any of that water to nonriparian land which they may own, although it may adjoin land owned by one of them which is entitled to the use of the water. Boehmer v. Big Rock Irr. Dist., 117 Cal. 27 [48 Pac. 908]. Nor has either of them the right to sell water to others to irrigate lands not riparian. Ormerod v. Todmorden, L. R. 11 Q. B. Div. 162; Gardner v. Village of Newburgh, 2 Johns. Ch. (N. Y.) 162 [7 Am. Dec. 526]; Higgins v. Water Co., 36 N. J. Eq. 542." As we understand this statement, it fully sustains appellee's contention. See, also, Santa Rosa Irrigation Co. v. Pecos River Irr. Co., 92 S. W. 1014. Where it is shown, as in this case, that a person owns a part of the bed of a natural lake, which is very valuable with the water upon it and worthless without it, we think such person has the right to have the water of the same maintained at its natural level, unless that level is disturbed by another riparian owner for riparian uses recognized by our decisions, and that another owner of part of the bed of the lake cannot be permitted to divert the water to irrigate nonriparian lands, when it is shown that such diversion injuriously affects the rights of the owner of the other part of the lake. The contention that the water should be divided between the owners of the land covered by the lake in proportion to their ownership of such land cannot be sustained. To do so would be to permit the diversion of the water to nonriparian purposes to the injury of the other riparian owner. Appellee is entitled to the enjoyment and use of his land with the opportunities, advantages, and benefits thereto accruing by reason of a portion thereof being covered by a natural lake, subject only to riparian rights of others, and even if it was sought to irrigate riparian lands therefrom, which is not the case, the use for such purpose would have to be a reasonable one.

The contention that the relief given is not warranted by the prayer in the petition can-

not be sustained. In addition to praying that defendant be enjoined from diverting water from the lake in such a way as to lower the level thereof, plaintiff also prayed for general relief.

The fourth, fifth, and sixth assignments are overruled.

The judgment is affirmed.