[Civ. No. 30662.   Second Dist., Div. Four.   Oct. 21, 1966.]

BURTON MARKS, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Burton Marks, in pro. per., and Harvey A. Schneider for Petitioner.

Harold W. Kennedy, County Counsel, Edward H. Gaylord, Assistant County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

CHANTRY, J. pro tem.*—This is a petition for writ of review, which we shall treat as a proceeding in mandate.

FACTS: Petitioner, Burton Marks, is an attorney at law. On or about December 24, 1965, he was appointed by respondent

---

*Assigned by the Chairman of the Judicial Council.

court (Appellate Department of the Superior Court, County of Los Angeles, State of California)[1] as attorney for Henry A. Mangaser, an indigent, with respect to Mangaser's appeal to the appellate department of the superior court from a conviction[2] in the municipal court. Although the appointive order stated the appointment was "without compensation," petitioner accepted said order with the understanding he could proceed to apply for fees.

During the pendency of the appeal petitioner moved for an award of compensation for his services. The motion was denied by respondent. This petition seeks a review of the appellate department's action of denial, which we treat as an application for a writ of mandate to compel the respondent to grant in some reasonable amount the application of petitioner for attorneys' fees.

The petition alleges, and it is conceded by respondent, the denial for an allowance of attorneys' fees was premised on the belief the respondent court had no authority to award compensation to an attorney for his services on an appeal in the appellate department of the superior court.[3]

QUESTION: When an attorney at law has been assigned by three superior court judges sitting as an appellate department of the superior court to perform services for an indigent appellant in that court, does section 987a[4] of the Penal Code authorize an allowance of compensation to him?

---

[1]Hereinafter referred to as respondent unless otherwise indicated.

[2]Henry A. Mangaser was convicted of a violation of section 11721 of the Health and Safety Code (using or being under the influence of narcotics).

[3]It was conceded here that both petitioner and respondent court understood that petitioner intended to apply for fees and that he would be given them if legally permissible, but that, if the law did not permit respondent to grant a fee, petitioner's basic professional responsibility obligated him to serve when ordered by respondent court so to do. The form of the order of appointment, thus, does not bar the present proceeding.

[4]Section 987a, in pertinent part, provides: "In any case in which counsel is assigned in the superior court to defend a person, including a person who is a minor, who is charged therein with the commission of a crime, or is assigned in a municipal or justice court, to represent such a person in such a court and who desires but who is unable to employ counsel, such counsel, in a county, or city and county, in which there is no public defender, or in a case in which the court finds that because of conflict of interest or other reasons that public defender has properly refused to represent the person accused, shall receive a reasonable sum for compensation and for necessary expenses, the amount of which shall be determined by the court in accordance with this section, to be paid out of the general fund of the county."

Our answer is "Yes."

Respondent contends "Section 987a Penal Code expressly provides for compensation of counsel assigned in the Superior Court to *defend* a person who is *charged therein* [Superior Court] with the commission of a crime. That in the *Mangaser* case attorney Burton Marks was not appointed to defend a person charged in the Superior Court with the commission of a crime." (Italics added.)

In its return the respondent traces with scholarly exactness the history and development of the compensation of assigned counsel theory. Respondent supports its contentions and theory of the interpretation of Penal Code section 987a by reference and analogy to the provisions of Penal Code sections 859,[5] 987,[6] and 1241,[7] the opinion of the Attorney General (21 Ops.Cal.Atty.Gen. 156, 158, April 14, 1953) and comparison with the duties of the public defender, Government Code section 27706.[8]

---

[5] "When the defendant is charged with the commission of a public offense, over which the superior court has original jurisdiction, by a written complaint subscribed under oath and on file in a court within the county in which the public offense is triable, he shall, without unnecessary delay, be taken before a magistrate of the court in which such complaint is on file. The magistrate shall immediately deliver to him a copy of the complaint, inform him of his right to the aid of counsel, ask him if he desires the aid of counsel, and allow him a reasonable time to send for counsel; and the magistrate must, upon the request of the defendant, require a peace officer to take a message to any counsel whom the defendant may name, in the judicial district in which the court is situated. The officer must, without delay and without fee, perform that duty. . . ." (Pen. Code, § 859.)

[6] "If the defendant appears for arraignment without counsel, he must be informed by the court that it is his right to have counsel before being arraigned, and must be asked if he desires the aid of counsel. If he desires and is unable to employ counsel, the court must assign counsel to defend him." (Pen. Code, § 987.)

[7] "In any case in which counsel has been appointed by the Supreme Court or by a district court of appeal to represent a party to any appeal or proceeding in a criminal matter, such counsel shall receive a reasonable sum for compensation and necessary expenses, the amount of which shall be determined by the court and paid from any funds appropriated for that purpose. . . ." (Pen. Code, § 1241.)

[8] "(a) Upon request of the defendant or upon order of the court, he shall defend, without expense to the defendant, any person who is not financially able to employ counsel and who is charged with the commission of any contempt or offense triable in the superior court, municipal or justice courts at all stages of the proceedings, including the preliminary examination. The public defender shall, . . . prosecute all appeals to a higher court or courts of any person who has been convicted, where, in his opinion, the appeal will or might reasonably be expected to result in the reversal or modification of the judgment of conviction." (Gov. Code, § 27706.)

With respect to the construction of the word "defend," Black's Law Dictionary (citing *Boehmer* v. *Big Rock Irr. Dist.*, 117 Cal. 19 [48 P. 908]) defines the word, in part, as ". . . To contest and endeavor to defeat a claim or demand made against one in a court of justice. . . . To protect, to shield, to make a stand for, or uphold by force or argument, vindicate . . ." (citing *Powell* v. *United States*, 60 F.Supp. 433, 439). Counsel representing a defendant on appeal is certainly attempting to "uphold by . . . argument" or to "vindicate" his client's position.

An appeal is merely a continuation of the earlier proceedings, and the judgment of conviction is "not final" while an appeal is pending.

The services performed by assigned counsel on behalf of a client in an appellate court do not, by the sole factor of a transfer of jurisdiction to a higher court, become any less defensive than the services discharged in the lower court. In a criminal action we assume the attorney assigned to represent a defendant is at all stages of the trial proceedings and appellate proceedings representing and defending his client. Whether we use the terms "defending in the trial court" or "prosecuting an appeal," it would appear, under the common and usual meaning of the word "defend," that assigned counsel in the appellate department of the superior court is "defending" his client within the provisions of section 987a.

While the composition of section 987a may be awkward, it is our opinion that it cannot be taken to be so restrictive in meaning as to exclude counsel assigned to represent an indigent defendant before the appellate department of the superior court. In criminal proceedings the word "charged" may have different meanings according to the subject matter and the context. It is frequently used in a limited sense as referring to a formal complaint, information, or indictment. (*People* v. *Garnett*, 129 Cal. 364 [61 P. 1114]; *People* v. *Shawn*, 125 Cal.App. 55 [13 P.2d 866].) "In a fuller and more accurate sense the expression may include also the responsibility for the crime itself, and may be applicable to one who has been convicted and is serving a sentence, see the C.J.S. titles Criminal Law, § 9, also 16 C.J. p. 119 note 80, and 11 C.J. p. 294 notes 7, 8 and Extradition § 9, also 25 C.J. p. 256 note 47-p. 257 note 53." (14 C.J.S. 405.) Under the broader definitions of the words of the statute, section 987a includes authorization to award compensation to counsel

assigned in the superior court to represent an indigent defendant who continues to be charged therein with responsibility for an alleged crime.

We do not give to the phrase in Penal Code section 987a "charged *therein* with a crime" the same significance the respondent does. These words are the equivalent of "who is a defendant in a criminal case in that court." The word "therein" is used in that phrase simply to designate which court shall have jurisdiction to appoint counsel at a particular stage of the criminal proceedings.

■ "[S]ection 987a must be read in the light of related statutes, and of the history of the development of the statutory provisions for the payment of compensation to appointed counsel." (*Hill* v. *Superior Court*, 46 Cal.2d 169, 171 [293 P.2d 10].) In *Avan* v. *Municipal Court* (Apr. 28, 1964) 62 Cal.2d 630, 632 [43 Cal.Rptr. 835, 401 P.2d 227], the court said: "The purpose of section 987a of the Penal Code is to provide adequate representation for indigent persons charged with crime in superior, municipal, or justice courts by requiring that their court-appointed counsel be compensated at the expense of the county." A footnote states: "Section 987a of the Penal Code formerly applied only to proceedings in superior courts and preliminary examinations in municipal and justice courts, but it was amended in 1963 to cover any criminal proceedings in superior, municipal, or justice courts."

At an early date (1860) it was held, in the absence of statute, county funds could not be expended for the compensation of court-appointed counsel for their professional services to indigent persons accused of crime, and it was the duty of counsel to serve without compensation. (*Rowe* v. *Yuba County*, 17 Cal. 61, 63; and see *Lamont* v. *Solano County*, 49 Cal. 158, 159.) Authority to compensate counsel was first provided in 1941 by the enactment of Penal Code section 987a which then provided that the board of supervisors of a county in which there was no public defender might provide by ordinance that, upon recommendation of the court, court-appointed counsel might receive a reasonable sum for compensation and necessary expenses in an amount to be determined by the supervisors. In 1951, provision was added to section 859 of the Penal Code to the effect that when an indigent defendant is charged with the commission of a public offense over which the superior court has original jurisdiction, he is entitled to the appointment of counsel by the magistrate before whom he is taken. By the same chapter (Stats. 1951, ch. 1160, § 2), Penal

Code section 987a was amended to provide as follows: "In any case in which counsel is assigned in the superior court to defend a person who is charged therein with crime, or is assigned in a municipal or justice's court, or justice court as established pursuant to the Municipal and Justice Court Act of 1949, to represent such a person on a preliminary examination in such a court and who desires but who is unable to employ counsel, such counsel, except in a county, or city and county, in which there is a public defender, shall receive a reasonable sum for compensation and for necessary expenses, the amount of which shall be determined by the court, to be paid out of the general fund of the county."

From the foregoing it is apparent *at that time* the Legislature had no intent to authorize compensation for counsel assigned to represent an indigent defendant charged with a misdemeanor in the municipal court. In fact, there was no authority for the appointment of counsel in such a case. A subsequent amendment in 1955 extended the scope of the section to allow compensation to counsel in counties which had public defenders but where a public defender, because of a conflict of interest or other reason, had properly refused to represent the defendant. In 1955 the Legislature also enacted Penal Code section 1241, which provides for compensation from the general fund of the state to attorneys appointed by the District Court of Appeal and the Supreme Court "to represent a party to any appeal or proceeding in a criminal matter . . ."

In 1963 the Legislature again amended section 987a by striking out the words "on a preliminary examination."[9] It has been held that this amendment to the statute requires the determination, order, and payment of reasonable compensation to counsel appointed by the court in misdemeanor cases. (*Avan* v. *Municipal Court, supra,* 62 Cal.2d 630.) It is to be noted that this deletion left the word "defend" in reference to counsel assigned in the superior court and the word "represent" in reference to counsel assigned in the municipal court, but obviously no distinction is now to be made in their meaning. We note that throughout the gradual development of the law extending the right to counsel under constitutional principles of due process the amendments by the Legislature in each instance manifest an intention to authorize and require

[9]The 1963 amendment also authorized the appointment of counsel in such cases to represent a minor defendant.

that court-appointed counsel be compensated in all cases where appointment of counsel is required or authorized.

In *In re Henderson* (July 9, 1964), 61 Cal.2d 541 [39 Cal.Rptr. 373, 393 P.2d 685], it was held that due process requires the appointment of counsel for an indigent defendant, who so desires, to represent him on appeal from a conviction of a misdemeanor in the municipal court where a conviction will result in serious consequences. In that case the petitioner was charged with a violation of subdivision (a) of section 647 of the Penal Code. In addition to the sentence imposed, a person convicted of violating that subdivision is disqualified from teaching in public schools and required to register with a law enforcement agency and to inform the agency of any change of his address. Thus, the petitioner was entitled to counsel on appeal to the appellate department of the superior court.

In 1965 the Legislature added a paragraph to section 987a in which it expressly authorized the appointment of counsel in municipal or justice courts ''when it appears that such appointment is necessary to provide an adequate and effective defense for defendant.'' It did not otherwise revise the statute. In view of the fact that the language of the statute may be read broadly to require compensation for such counsel, we believe that the Legislature read the statute as the Supreme Court did in *Avan v. Municipal Court, supra,* 62 Cal.2d 630, 632, and approved the statement in the footnote of that case (p. 632) to the effect that, since amendment in 1963, the statute covers any criminal proceedings in superior, municipal or justice courts where counsel may be properly appointed. As we have previously said, the appellate department of the superior court is a part of the superior court and included in the term superior court when those words are used generally of the entire court. The judges assigned to the appellate department of the respective superior courts throughout the state are superior court judges. They are superior court judges not justices, or judges of any other court. Assignment of counsel by the judges of the appellate department of the superior court to represent an indigent defendant is an assignment by superior court judges in a department of the superior court. The petitioner was assigned by superior court judges sitting in a department of the superior court to defend Henry A. Mangaser. It is our opinion the Legislature intended to, and did by the provisions of Penal Code, section 987a, include the appellate department of the superior court in the words

superior court, as that term is used in 987a of the Penal Code.

Let a writ of mandate issue directing respondent court to comply with the requirements of section 987a of the Penal Code and to determine and award to petitioner a reasonable sum for compensation and necessary expenses for petitioner's representation of the appellant in the case of *People* v. *Mangaser,* CR A 6634, Appellate Department of the Superior Court of the State of California in and for the County of Los Angeles.

Files, P. J., and Kingsley, J., concurred.