544 P.2d 226

**L. R. DAVIS and Goldie L. Davis, husband and wife, Petitioners,**

v.

**The SUPERIOR COURT of the State of Arizona FOR PIMA COUNTY, the Honorable J. Richard Hannah, a Judge thereof, and James Coon, Real Party in Interest, Respondents.**

**No. 2 CA–CIV 2058.**

Court of Appeals of Arizona, Division 2.

Jan. 7, 1976.

Fish, Briney, Duffield & Miller, P.C. by Samuel D. Alfred, Tucson, for petitioners.

Ganson, Powell & Hays by Norris L. Ganson, Tucson, for real party in interest.

## OPINION

HATHAWAY, Judge.

The subject of this special action is the respondent court's denial of a motion to set aside entry of default against petitioners. Since an order denying a motion to set aside a default is not appealable, special action relief is appropriate. *American Motors Sales Corp. v. Superior Court,* 16 Ariz.App. 494, 494 P.2d 394 (1972).

The sequence of events is as follows. Mr. Coon filed a complaint in superior court on July 3, 1975, seeking to recover damages from petitioners for an alleged assault and battery. Service of the summons and complaint was effected on August 11, 1975. The summons directed petitioners to appear and defend within twenty days and on August 25th, Mr. Davis personally appeared before a clerk in superior court and paid the requisite $10 appearance fee. On September 3rd, Mr. Coon's attorney filed entry of default and by letter dated September 4th, advised petitioners that a default judgment would be sought against them on September 12th. On September 8th, shortly after receipt of the letter, Mr. Davis consulted an attorney who

on September 9th filed a motion to set aside the entry of default, a notice of hearing the motion thereon, answer and counterclaim, and an affidavit of Mr. Davis. Opposition to the motion was duly filed and the respondent court, after hearing oral argument thereon, denied the motion.

There is no question but that petitioners satisfied the requirement of showing a meritorious defense. There is also no question but that they acted with the requisite diligence in seeking relief from the default. Therefore, the sole question is whether the respondent court abused its discretion in concluding that petitioners' failure to timely file a responsive pleading was not due to excusable neglect or mistake.

█ It is well settled in this state that on a motion to vacate a default, any doubt should be resolved in favor of the movant, i. e., judicial discretion should be guided by the policy of favoring resolution of controversies on the merits. *Smith v. Monroe,* 15 Ariz.App. 366, 488 P.2d 1003 (1971).

The uncontroverted affidavit of Mr. Davis states that he appeared and paid the requisite $10 appearance fee and that he was under "the mistaken belief that payment of this appearance fee was all that was required as an appearance to prevent a Judgment by Default . . .." The record reflects that he was not dilatory in attempting to avoid default since his fee was paid within two weeks after service of the complaint and summons.

In the case of *Brown v. Beck,* 64 Ariz. 299, 169 P.2d 855 (1946), the defendant was operating under the mistaken belief he was served on a day subsequent to that shown on the process server's return. He filed an answer raising a meritorious defense on the 24th day after process was served (default judgment was obtained on the 21st day) and four days later filed his motion to vacate judgment, quash execution, and permit a trial on the merits. Relief was denied and our Supreme Court reversed. It quoted the following definition of "mistake" from Black's Law Dictionary:

" 'Some unintentional act, omission, or error arising from ignorance, surprise, imposition, or misplaced confidence.

A mistake exists when a person, under some erroneous conviction of law or fact, does, or omits to do, some act which, but for the erroneous conviction, he would not have done or omitted. It may arise either from unconsciousness, ignorance, forgetfulness, imposition or misplaced confidence. [citations omitted].' " 64 Ariz. at 306, 169 P.2d at 860.

█ It is apparent from Mr. Davis' affidavit that his failure to answer was the result of ignorance. It is not unreasonable for a layman to believe that the words "appear and defend" in a summons meant no more than that he go to the courthouse and pay his fee. "Defend" means to contest and endeavor to defeat a claim or demand made against one in a court of justice. *Marks v. Superior Court,* 245 Cal.App.2d 779, 54 Cal.Rptr. 169 (1966). To the layman, the word "appear" would mean to exhibit oneself so as to be visible, i. e., to appear in person. That is just exactly what Mr. Davis did. It would be grossly unfair to require him to know from the language of the summons that a responsive pleading was required of him during the prescribed period to prevent a default. The fact that he did not consult a lawyer immediately but instead took the step he mistakenly believed was required to protect himself should not foreclose him from defending on the issue of liability. We do not agree with the real party in interest that this was carelessness, hence inexcustable neglect, as petitioners' failure to answer was the result of a mistake. Thus their motion to set aside default should have been granted.

The order denying the motion. to set aside the default is hereby set aside with directions to vacate the entry of default.

HOWARD, C. J., and KRUCKER, J., concur.