NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

MIA LAVON HARMON,
*Petitioner/Appellant*,

*v.*

BRANDON W. GAINES,
*Respondent/Appellee*.

No. 1 CA-CV 18-0653 FC
FILED 10-3-2019

Appeal from the Superior Court in Maricopa County
No. FN2018-000496
The Honorable Bernard C. Owens, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Katz & Bloom, Phoenix
By Jay R. Bloom
*Counsel for Petitioner/Appellant*

Law Office of Katherine Kraus, PLLC, Peoria
By Katherine Kraus, Giancarlo A. Sapelli, Kimberly A. Staley
*Counsel for Respondent/Appellee*

_____

## MEMORANDUM DECISION

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge James B. Morse Jr. joined.

_____

**J O H N S E N**, Judge:

¶1         Mia Lavon Harmon ("Wife") appeals from the superior court's order vacating portions of her dissolution decree dealing with community property and debt.  For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2         Wife and Brandon W. Gaines ("Husband") married in October 2016; Wife filed a petition for dissolution in March 2018.  In relevant part, her petition stated:

> 11.     The parties have accumulated certain community, common, and joint assets during the pendency of the marriage that should be equitably divided.
>
> 12.     The parties have incurred certain community, joint, or common debts and obligations during the pendency of the marriage and said debts and obligations should be equitably divided.
>
> 13.     [Wife] has sole and separate property that should be confirmed as hers.
>
> 14.     [Husband] has sole and separate debt that should be confirmed as his.
>
> *        *        *
>
> WHEREFORE, [Wife] prays that this Honorable Court:
>
> *        *        *
>
> C.     Equitably divide the community, joint and common assets of the parties.

D.     Equitably divide the community and joint debts and obligations of the parties.

E.     Confirm to [Wife] her sole and separate property.

F.     Confirm to [Husband] his sole and separate debt.

¶3          Husband did not respond to the petition, and default was entered against him the following month. On August 14, 2018, the court held a 10-minute hearing at which the court briefly took testimony from Wife, who appeared with counsel. There is no indication in the record that Husband was given notice of the hearing, and he did not appear.

¶4          At the hearing, Wife presented the court with a proposed decree that allowed her possession of the couple's pickup truck and motorcycle, directed her to sell them and directed how the proceeds of the sales would be distributed. Wife's counsel explained these provisions to the court, and, in the process, counsel asserted that, in violation of the automatic injunction, Husband had refinanced the pickup, which counsel called the couple's "only asset of equity." After Wife's counsel finished outlining the terms of the proposed decree addressing the truck, the motorcycle and the related debt, the court asked counsel, "Does [Husband] know about any of these plans?" Counsel responded, "No. He has not participated." At the conclusion of the hearing, the court signed the proposed decree.

¶5          Three days later, Husband filed a pro se "Expedited Motion to Stay Judgment and Motion to Set Aside Default Judgment." His motion asserted that he did not contest Wife's petition for dissolution because he and Wife had discussed how to resolve the issues concerning the vehicles. He said the decree, however, did not reflect his understanding of those discussions. He also said the decree did not address the parties' two other vehicles. He wrote, "I feel I was Blind sided and this was rushed through with out me knowing what was going on after contacting her attorney Jay Bloom." Husband stated he had emailed Wife's counsel three times about working out the distribution of the community assets, but her counsel had not responded. Husband further said that Wife's counsel had told him "he would send me the paper work." Wife filed a response to Husband's motion, arguing, *inter alia*, that Husband cited no specifics to support his contention that the decree was "different in kind from or exceeds the amount requested in the pleadings."

¶6          The superior court granted the motion, vacating the terms of the decree dividing property and debt. In its order, the court stated it

considered the motion under Arizona Rule of Family Law Procedure ("Rule") 85(b)(1).[1]   The court concluded, "The Court has doubts about whether the Decree equitably divided the parties' property and debt as required by [Arizona Revised Statutes section] 25-318 and as requested in the Petition.  Also, [Husband] articulated meritorious positions that could lead to a different division of property and debt."

¶7          Wife timely appealed the order.   We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(2) (2019); *see Sanders v. Cobble*, 154 Ariz. 474, 474 (1987).

## DISCUSSION

¶8          We will affirm an order vacating a judgment unless the superior court abused its discretion.  *See City of Phoenix v. Geyler*, 144 Ariz. 323, 328 (1985) (reviewing order entered under Ariz. R. Civ. P. 60(b)).  "In exercising its discretion, the trial court is not authorized to act arbitrarily or inequitably, nor to make decisions unsupported by facts or sound legal policy.  Neither does discretion leave a court free to misapply law or legal principle."   *Id.* at 328-29 (citation omitted).   In "setting aside default judgments, all doubts should be resolved in favor of a trial on the merits." *Dungan v. Superior Court*, 20 Ariz. App. 289, 290-91 (1973).

¶9          Under the version of Rule 44(G) in effect at the time, "[a] judgment by default shall not be different in kind from or exceed the amount requested in the pleadings."  Wife's petition merely asked the court to "equitably divide" the couple's community property and debt; it contained no specifics about the manner in which the court should do so. Nor does the record reflect that Wife provided Husband with a copy of her proposed decree before the hearing; indeed, the record contains no indication that Wife notified Husband that there was to be a hearing on the matter.

¶10          The result was that the court entered a default judgment containing terms not specified in the petition following a hearing conducted without notice to Husband.  Moreover, Husband's motion to set aside the judgment asserted that the decree the court entered at Wife's request was inconsistent with the terms that he and Wife had discussed.   He also

---

[1]     At the time of the order, this rule was codified as Arizona Rule of Family Law Procedure 85(C)(1)(a).   Absent material revision after the relevant date, we cite the current versions of statutes and rules.

asserted Wife's counsel had rebuffed his attempts to discuss how to allocate the couple's property and debt.

¶11     Under the version of Rule 85 in effect at the time, a court could vacate a judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect." Ariz. R. Fam. Law 85(C)(1)(a). Mistake includes "[s]ome unintentional act, omission, or error arising from ignorance, surprise, imposition, or misplaced confidence." *Davis v. Superior Court*, 25 Ariz. App. 402, 403 (1976). Here, the superior court could conclude that Husband had relied on representations by Wife and/or her counsel and had received no notice of the August hearing at which Wife presented a form of decree. Unaware of the terms of that decree and presumably unaware of the hearing, Husband did not appear at the hearing to contest the decree. Whether that more accurately constitutes mistake rather than surprise is immaterial, as either is a ground for vacating a judgment. *See* Rule 85(C)(1)(a); *Davis*, 25 Ariz. App. at 403 (implying that when mistake is evident, it is an abuse of discretion for a court *not* to vacate a judgment).

¶12     Although Wife argues that Rule 85 does not permit relief based on a party's "surprise" about the terms of a decree, under the circumstances presented, and given the mandate in former Rule 44(G) that a default judgment must substantially mirror the relief sought in the petition, the superior court did not abuse its discretion in ruling based on what it characterized as "surprise." Moreover, "[w]e may affirm the trial court's judgment on other grounds if we determine the trial court reached the right result." *In re Estate of Lamparella*, 210 Ariz. 246, 250, ¶ 18 (App. 2005); *see Gary Outdoor Advertising Co. v. Sun Lodge, Inc.*, 133 Ariz. 240, 242 (1982) ("The trial court will be affirmed when it reaches the correct conclusion even if it does so for an incorrect reason."). As noted, Rule 85(C)(1)(a) provided an independent basis for affirming the superior court's order.

¶13     Wife further argues the superior court erred by finding that Husband's motion set forth "meritorious positions." In granting Husband's pro se motion, the court explained that Husband's assertions caused it to doubt "whether the Decree equitably divided the parties' property and debt" as required by law. Without expressing any view of the correct outcome on remand, we will not upset the court's conclusion that the facts Husband asserted might require a different allocation of property and debt.

**CONCLUSION**

**¶14**      For the reasons stated, we affirm the superior court's order vacating portions of the dissolution decree.  Both parties ask for their attorney's fees pursuant to A.R.S. § 25-324 (2019).  That statute allows the court to make an award of fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings."  A.R.S. § 25-324(A).  Although we doubt the reasonableness of Wife's decision to appeal the order vacating the judgment, the record does not provide us with information about the parties' respective financial resources.  For that reason, we deny both parties' requests for fees without prejudice to a decision by the superior court  to award attorney's fees incurred on appeal at the conclusion of the matter.  We grant Husband his costs on appeal contingent upon his compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA