[Civ. No. 11285.   Third Dist.   Mar. 11, 1966.]

JACK HALPIN et al., Petitioners, v. THE SUPERIOR COURT OF SHASTA COUNTY, Respondent; THE COUNTY OF SHASTA, Real Party in Interest.

Jack Halpin and Thomas McGlynn in pro. per., Leep, Saunders & Halpin and Carr & Kennedy for Petitioners.

No appearance for Respondent.

Robert A. Rehberg, County Counsel, for Real Party in Interest.

REGAN, J.—Petitioners seek a writ of mandate to compel the respondent court to set reasonable attorneys' fees for services rendered as court-appointed attorneys in accordance with 987a of the Penal Code.[1]

Shasta County has no public defender. Pursuant to their appointment by the respondent court, petitioners did, in September 1965, appear on behalf of and defend one John Ray Hochstedler who was charged with murder. Petitioners

[1]Penal Code section 987a provides: "In any case in which counsel is assigned in the superior court to defend a person, including a person who is a minor, who is charged therein with the commission of a crime, or is assigned in a municipal or justice court, to represent such a person in such a court and who desires but who is unable to employ counsel, such counsel, in a county, or city and county, in which there is no public defender, or in a case in which the court finds that because of conflict of interest or other reasons the public defender has properly refused to represent the person accused, shall receive a rasonable sum for compensation and for necessary expenses, the amount of which shall be determined by the court in accordance with this section, to be paid out of the general fund of the county.

"The board of supervisors may by contract provide that any public defender duly appointed or elected may charge reasonable fees to the Department of Corrections for representing inmates of prisons under its control, and the Department of Corrections may upon approval by the court pay such fees into the county treasury to be placed in the general fund of the county.

"Counsel shall be appointed to represent, in the municipal or justice court, a person who desires but is unable to employ counsel, when it appears that such appointment is necessary to provide an adequate and effective defense for defendant."

are experienced attorneys and prominent members of the Shasta-Trinity Counties Bar Association. The trial by jury, which resulted in an acquittal of the defendant, required six trial days; the factual preparation for trial consumed 40 hours of the time of petitioner Halpin and seven hours of the time of petitioner McGlynn. Following the trial petitioners applie'd to the respondent court for compensation and necessary expenses incurred, claiming $6,539.66 as a reasonable sum to be paid to them. After a hearing the respondent court made its minute order as follows:

"THE COURT ORDERS that the applications be denied without prejudice *to any future policy that may be determined by the Shasta County Bar or the Shasta County Board of Supervisors.*

"Counsel may each apply for fees *as presently set.*

"Reimbursement may be had for out-of-pocket expenses." (Italics added.)

The minute order then set forth the following:

"*It is noted that per diem fees as presently allowed be* paid in the amount of $150.00 to Mr. McGlynn for six appearances and in the amount of $200.00 to Mr. Halpin for eight appearances." (Italics added.) These sums, as well as petitioners' out-of-pocket expenses were paid to petitioners.

An ordinance of Shasta County, adopted on June 4, 1951, and in effect during the time the related events took place, authorized payment of counsel fees for defense of indigents and in a schedule of fees set forth that counsel may be paid in such cases as follows:

"(a) For appearance and arraignment, and for all services prior to trial, the sum of $25.00.

"(b) For each 'day of trial, with or without a jury, the sum of $25.00 per day . . . ."

On June 4, 1951, the Shasta County Bar Association also recommended to the Shasta County Board of Supervisors that the fee schedule set forth in the county ordinance be adopted.

It must also be noted that section 987a of the Penal Code as amended in 1941 and in effect when Shasta County adopted its ordinance read in part as follows:

"*The board of supervisors may by ordinance provide* that in any case in which counsel is assigned in the superior court to defend a person who is charged therein with crime and who desires but who is unable to employ counsel, such counsel, upon recommendation of the court or a judge thereof, may receive a reasonable sum for compensation and for necessary

expenses the amount of which shall be determined by the supervisors, to be paid out of the general fund of the county." (Italics added.)

In *Avan* v. *Municipal Court*, 62 Cal.2d 630, 632-633 [43 Cal.Rptr. 835, 401 P.2d 227], the court stated:

"The purpose of section 987a of the Penal Code is to provide adequate representation for indigent persons charged with crime in superior, municipal, or justice courts by requiring that their court-appointed counsel be compensated at the expense of the county.

"In 43 Cal. Attorney General's Opinions 33, 36, it is stated: '. . . section 987(a) limits the right to compensation [to appointed counsel] to situations where there is no public defender in the county or where the public defender is incapacitated because of a "conflict of interest or other reasons." Thus, the section discourages an overlapping of the functions of appointed counsel and the public defender by 'denying compensation to the former when the latter is authorized and qualified to act. Conversely, the section provides for the compensation of appointed counsel in all other circumstances, thus insuring that every indigent accused of crime will have a right to representation by an attorney who is being paid for his efforts. This objective, while not overlooking that the bar has generously provided competent representation for indigent criminal defendants, is presumably designed to achieve even higher standards of such representation.'

"Thus, the representation of such persons will be either by the county public defender, at the county's expense, or, where for any reason no county public defender is available, by court-appointed counsel, again at county expense.

". . . . . . . . . . . . .

"By the terms of section 987a, the counsel appointed became entitled, upon performance of his duties as such appointed counsel, to have the court determine, and award to him, a reasonable sum for compensation and for necessary expenses, to be paid out of the general fund of the county."

Petitioners were entitled to receive a reasonable sum for compensation and for necessary expenses, the amount of which to be determined by the court and to be paid out of the general fund of Shasta County. Payment of compensation was not dependent upon any ordinance of the county. The provision authorizing the fixing of such compensation by the supervisors had been amended out of the section in 1951. Thus, it appears clear to this court that if the determination

of the amount of compensation was made by the court on the basis of a "policy" which allowed that determination to depend upon the fee schedule set by the county board of supervisors, whether acquiesced in or not by the local bar association, there was failure of the court to exercise its discretion.

The record, though meager, establishes that the respondent court was unwilling to depart from the standard set by the county board of supervisors in 1951 setting a maximum of $25 per day for court appearances before or during trial. Thus, petitioners herein were denied the independent judgment of the court as to what constituted a reasonable sum for compensation due them. ■ The criteria to be used in determining whether or not a court exercised its discretion in awarding an unreasonably small sum are the continuing duty of counsel to the "defenseless" (Bus. & Prof. Code, § 6068, subd. h); the statutory provisions of other jurisdictions for compensation; and the general level of compensation paid to public officers in prosecuting and defending criminal proceedings. (*Hill* v. *Superior Court*, 46 Cal.2d 169, 175 [293 P.2d 10].)

■ If the trial court's action in this case represented an independent exercise of the court's discretion, the result demonstrates an abuse of discretion; if, on the other hand the court embraced the fee scale adopted by the county as the prevailing standard, the court failed to exercise the independent discretion required by Penal Code section 987a.

We note at this point a reference by the County Counsel of Shasta County in his points and authorities in opposition to granting of writ of mandate to an order of respondent court reading as follows:

"The Superior Court of the State of California in and for the County of Shasta—

"Having in view its statutory duty, under Section 987a of the Penal Code, to determine a reasonable sum for compensation to be paid counsel assigned to represent in the Superior Court a criminal defendant who is unable to employ counsel;

"Having received and considered a resolution of the Shasta-Trinity Bar Association, passed September 30, 1965 and communicated November 8, 1965, in respect to the fees of attorneys who defend indigents charged with crime;

"Having further received and considered a motion passed and adopted by the Board of Supervisors of the County of Shasta on November 15, 1965, concurring in the foregoing resolution;

"ORDERS that for all services rendered on and after November 22, 1965, attorneys appointed to represent indigent criminal defendants in the Superior Court of Shasta County shall be paid:

"1. $25.00 per appearance for all proceedings before or after trial.

"2. $100.00 per day for trial.

"3. Actual and necessary expenses approved by the Court."

To substitute for the independent exercise of discretion of the court in each case where counsel is assigned to represent a criminal defendant under section 987a, the order fixing compensation dated November 16, 1965, may conceivably in some cases constitute an abuse of judicial discretion or a failure of the court to exercise its discretion. The rule is stated in *Bank of Italy* v. *Johnson*, 200 Cal. 1, 15 [251 P. 784], where the court said: "It is also clear that the superintendent of banks may not by the adoption of any rule of policy or procedure so circumscribe or curtail the exercise of his discretion under the statute as to prevent the free and untrammeled exercise thereof in every case, for an attempt to do so would be for him to arrogate to himself a legislative function."

Let a writ of mandate issue directing respondent court to comply with the requirements of section 987a of the Penal Code and to determine and award to petitioners a reasonable sum for compensation for petitioners' representation of John Ray Hochstedler in the matter of *People* v. *John Ray Hochstedler*, Shasta County Superior Court action No. 32772.

Pierce, P. J., and White, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.