[Civ. No. 12145. Fourth Dist., Div. Two. Oct. 10, 1972.]

JOHN M. POLAKOVIC, Petitioner, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
COUNTY OF SAN BERNARDINO, Real Party in Interest.

## COUNSEL

John M. Polakovic, in pro. per., for Petitioner.

Stanford D. Herlick, County Counsel, Paul A. Grube, Jr., Deputy County Counsel, for Respondent and for Real Party in Interest.

## OPINION

GABBERT, J.—Petitioner is a licensed attorney. On December 3, 1971, he was appointed by the Superior Court of San Bernardino County to represent one Salvadore Guzman, charged with violating Health and Safety Code, section 11500.5, possession of heroin for sale. On January 7, 1972, petitioner moved to set aside the information pursuant to Penal Code, section 995 and moved to suppress the evidence under Penal Code, section 1538.5. Both motions were denied by the trial court.

In the interest of simplicity both respondent superior court and the County of San Bernardino as real party in interest may be referred to as "respondent" in this opinion.

Petitioner sought a writ of prohibition in this court for review of respondent's denial of a motion made under Penal Code, section 995. We granted an alternative writ ordering the superior court to set aside the information or show cause why it should not be set aside. Petitioner thereafter filed a second petition for a writ of prohibition to set aside the trial court's denial of his motion made under Penal Code, section 1538.5. The second petition was denied by this court. Petitioner states the two petitions were not filed together because the 15-day filing limit prescribed by Penal Code, section 999a (for review of a § 995 motion) did not, under the circumstances, give him sufficient time to prepare and file both writs simultaneously.

Oral argument on the alternative writ was set in this court on April 4, 1972. On April 3, the respondent superior court complied with the writ and dismissed the charges against Guzman. Thereafter, petitioner filed a declaration with the respondent superior court seeking attorney's fees pursuant to Penal Code, section 987.2.[1] Petitioner was informed he would be paid $400 for his services. However, the allowance specifically omitted any payment for efforts expended in petitioning for the two writs in the Court

---

[1]Penal Code, section 987.2 reads as follows: "(a) In any case in which a person, including a person who is a minor, desires but is unable to employ counsel and in which counsel is assigned in the superior court, municipal court, or justice court to represent such a person in a criminal trial, proceeding or appeal, such counsel, in a county or city and county in which there is no public defender, or in a case in which the court finds that because of conflict of interest or other reasons the public defender has properly refused to represent the person accused, shall receive a reasonable sum for compensation and for necessary expenses, the amount of which shall be determined by the court, to be paid out of the general fund of the county.

"(b) The sum provided for in subdivision (a) may be determined by contract between the court and one or more responsible attorneys after consultation with the board of supervisors as to the total amount of compensation and expenses to be paid, which shall be within the amount of funds allocated by the board of supervisors for the cost of assigned counsel in such cases."

of Appeal.[2] Petitioner now seeks a writ of mandate requiring the superior court to fix reasonable compensation for the particular legal services involving the extraordinary writs.

Petitioner makes only one contention: the denial of compensation for the prosecution of extraordinary writs during the pretrial and trial stages of the case is a violation of the Fourteenth Amendment of the United States Constitution. He asserts such refusal to pay is a denial of equal protection and due process of law as far as the indigent defendant is concerned. He also declares such rejection violates petitioner's Fourteenth Amendment rights as well. In ordering respondent to exercise its discretion in setting reasonable compensation for petitioner we do not find it necessary to reach these constitutional questions.

The respondent filed a demurrer to the petition herein contending it does not state facts sufficient to constitute proper grounds for issuance of the writ. It was reasoned the respondent was under no duty to perform the act requested and had no power to assume jurisdiction over the matter. It was asserted petitioner had an adequate remedy at law, and, finally, if enforced, the writ would compel an illegal or void act, or one contrary to public policy.

■ We are of the opinion the language of Penal Code, section 987.2 supports petitioner's request for compensation. The statute provides in a case ". . . in which counsel is assigned in the superior court . . . to represent such a person in a criminal trial, proceeding or appeal . . ." such counsel shall receive ". . . a reasonable sum for compensation and for necessary expenses, . . ." The operative words are that an attorney must "represent" an indigent in a "criminal trial, proceeding or appeal." This language was incorporated into the statute in 1967. Previously the statute read, "In any case in which counsel is assigned in the superior court to defend a person . . . who is charged therein with the commission of a crime. . . ."

The change in wording from one appointed to "defend" an indigent

<hr>

[2]Petitioner alleges in his petition he "received a communication from the County of San Bernardino indicating he would be paid in the amount of $400.00 for services rendered in the defense of Salvadore Guzman. On the bottom of said communication were the words, 'NOTE: ALLOWANCE REFLECTS ONLY SERVICES IN SUPERIOR COURT.'" (Italics in petition.) The petition further states petitioner met with the trial judge in chambers and "it was indicated to petitioner that petitioner would not be paid for those services rendered with regard to the Petition for Writ of Prohibition filed in the Court of Appeal, inasmuch as they, the County and the Superior Court, were not set up to make such payment." Petitioner alleges a further demand of the superior court for such payment and its denial by the trial court.

"charged therein" to one appointed to "represent" an indigent in a "criminal trial, proceeding or appeal" clearly broadens the scope of the statute. (See *Marks* v. *Superior Court,* 245 Cal.App.2d 779 [54 Cal.Rptr. 169], in which the words "defend" and "therein" were given broad interpretations to cover an attorney appointed to represent an indigent in the Appellate Department of the Los Angeles Superior Court.) Clearly, petitioner was representing his client in a "criminal trial, proceeding or appeal" when he filed for writs of prohibition in this court during the pretrial stage of the proceedings in the superior court. Thus, his request is consistent with the statutory language.

A separate statute, Penal Code, section 1241, authorizes a Court of Appeal to fix reasonable compensation for an attorney appointed by such court to represent an indigent on appeal. Thus appointed counsel can be legally compensated for both trial and appellate services. It would appear to us to be illogical to deny counsel compensation by the superior courts for necessary services encompassing extraordinary writs during the pretrial and trial process in such courts even though the applications for such writs are filed in the Courts of Appeal. The substance of the proceeding relates to the case in progress in the lower court, not to an appeal or proceeding in an appellate court where such court has appointed counsel to represent an indigent defendant.

We have found no California case directly on point. Our interpretation of Penal Code, section 987.2, however, is consonant with the policy articulated in the cases we have found dealing with the section. The California Supreme Court has declared, "The purpose of section 987a[3] of the Penal Code is to provide adequate representation for indigent persons charged with crime in superior, municipal, or justice courts by requiring that their court-appointed counsel be compensated at the expense of the county." (*Avan* v. *Municipal Court,* 62 Cal.2d 630, 632 [43 Cal.Rptr. 835, 401 P.2d 227].)

The purpose to further assure adequacy of counsel was underscored in *Luke* v. *County of Los Angeles,* 269 Cal.App.2d 495 [74 Cal.Rptr. 771]. In *Luke* an attorney was appointed to represent an indigent at a narcotics commitment proceeding pursuant to Welfare and Institutions Code, section 3105. He was awarded a fee by the court but was denied payment by the county for the reasons section 3105 did not authorize such compensation and Penal Code, section 987a applied only to criminal cases. The attorney

---

[3]Penal Code, section 987a was amended in 1971 by adding subdivision (b) and renumbered section 987.2.

sought to compel the county to compensate him by mandate. The Court of Appeal reversed denial of the writ by the superior court and remanded the cause with directions that the writ issue. The holding of *Luke* was that Welfare and Institutions Code, section 3105 should be interpreted as providing for compensation. Its reasoning and policy statements are applicable to the case at bench. The court there rejected the argument compensation could be had only when specifically authorized by statute, saying the opposite is true today. The court reasoned there was now a general intent to compensate; a "comprehensive policy in favor of compensation at public expense for appointed counsel," citing Penal Code, sections 987a and 1241, and Welfare and Institutions Code, section 634. (269 Cal.App.2d at p. 497.) Finally, the court determined the recognition of the importance of counsel (e.g., *Gideon* v. *Wainwright*, 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733]; *Miranda* v. *Arizona*, 384 U.S. 436 [16 L. Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]) and the concern over the quality of counsel (e.g., *Anders* v. *California*, 386 U.S. 738 [18 L.Ed.2d 493, 87 S.Ct. 1396]) demand compensation for counsel to assure trained and competent representation. (269 Cal.App.2d 495, 499.)

Respondent argues a petition for a writ of mandate taken to an appellate court by appointed counsel during the course of criminal proceedings in the trial court is a separate, independent proceeding in which the appellate court has the sole responsibility to reimburse counsel for his efforts. The petition for a writ in an appellate court is, thus, claimed to be collateral to the trial itself, in which the object of the writ is the same as an appeal, i.e., to prevent the trial court from taking action favorable to the other party. Respondent contends when "a court-appointed attorney seeks to represent his client under the jurisdiction of a particular court, he must expect to follow the rules and obligations provided . . . in such courts" and be appointed by the appellate court to bring the writ in that court, if he is to be reimbursed. Respondent argues since there is no mention in Penal Code, section 987.2 for compensation in any proceeding brought in the appellate courts, none may be implied. Respondent notes the appellate courts have their own statute, Penal Code, section 1241, which sets forth the right to compensation of attorneys who are appointed to represent persons in those courts. Thus, in essence, respondent claims the appellate courts have the sole duty of compensating attorneys who seek petitions for writs in those courts while such cases are being processed in the trial courts even though such counsel have been appointed in the trial courts.

In cases where an appellate court appoints counsel, that court should reimburse such counsel. In the instant case, an appellate court did not ap-

point petitioner to represent Mr. Guzman on either of the two petitions for writs of prohibition which were filed.

Respondent cites us to a 1953 opinion by the Attorney General (21 Ops.Cal.Atty.Gen. 156) interpreting Penal Code, section 987a (now § 987.2). The opinion stated that counsel assigned in a criminal case in the superior court was not entitled to receive compensation from county funds for *an appeal* from an adverse judgment in such court. We do not find the opinion by the Attorney General applicable to the case at bench. It considered an appeal after conviction, not an application to an appellate court for an extraordinary writ during pretrial proceedings.

The absence of compensation for appointed counsel seeking extraordinary writs would seem to discourage counsel to some degree in seeking writs in those cases where such action was necessary. As in *Avan* v. *Municipal Court, supra,* 62 Cal.2d 630, the concern for competent and thorough appointed private counsel requires reasonable compensation be made to such counsel.

One of the means of measuring the reasonableness of a superior court's award of compensation is "the general level of compensation paid to public officers for performing legal services in the prosecution and defense of criminal proceedings." (*Hill* v. *Superior Court,* 46 Cal.2d 169, 175 [293 P.2d 10].) The public defender receives compensation from county sources when petitioning for extraordinary writs in appellate courts during the course of criminal proceedings in the trial courts. It is only fair and reasonable for the superior court to compensate privately appointed attorneys for similar necessary defense services provided by such counsel.

We do not envision large numbers of applications to the counties for payment of appointed counsel for writs sought in cases during proceedings in the trial courts. Public defenders in this state provide legal services for the great bulk of indigent criminal defendants. Usually, private counsel are appointed only in a limited number of situations such as those where there may be a conflict of interest between codefendants and the public defender cannot represent all the various codefendants.

 Penal Code, section 987.2 leaves the amount of compensation to the discretion of the superior court, limited in gross to the money made available by the county for the program. In *Halpin* v. *Superior Court,* 240 Cal.App.2d 701 [49 Cal.Rptr. 857], the superior court followed a county fee schedule in allowing inordinately low compensation. The court there held, if the trial court's actions represented an independent exercise of the court's discretion, the result was an abuse of discretion. If, on the other

hand, the court simply embraced the fee scale adopted by the county, then the court failed to exercise the independent discretion required by Penal Code, section 987a. (240 Cal.App.2d at p. 705.) While not strictly applicable to the case at bench, since the dispute was over services concededly covered by the statute, *Halpin* serves to demonstrate the exercise of discretion required of the superior court. Assuming the services performed by petitioner were within the statute, the superior court may not simply adopt the county policy of nonpayment but must use its discretion to set a reasonable sum to discharge its duty to make reasonable payment.

The interpretation of Penal Code, section 987.2, to include compensation for petitioner's services is consistent with the policy outlined in the cases we have found. It is consistent as well with the legislative policy behind Penal Code, sections 987.2 and 1241. The words of the statute do not conflict with this interpretation. In fact, a strained reading is required to deny petitioner relief on the basis of the statute. The petitioner should be compensated by the superior court for his efforts in petitioning for writs of prohibition to the Court of Appeal.

Let the writ of mandamus issue with instructions to the superior court to exercise its independent discretion in setting reasonable compensation for petitioner limited by the nature, quality, necessity and extent of the services rendered and the funds available from the County of San Bernardino.

Kaufman, Acting P. J., and Tamura, J., concurred.

The petition of the respondent and the real party in interest for a hearing by the Supreme Court was denied December 7, 1972.