[Civ. No. 45915. First Dist., Div. Three. June 7, 1979.]

RANDALL CHARLTON, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Michael Korn for Petitioner.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, William D. Stein and Herbert F. Wilkinson, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**SCOTT, Acting P. J.**—Petitioner Randall Charlton was convicted of first degree murder in 1974. Thereafter Charlton petitioned for a writ of habeas corpus, contending that his trial counsel was incompetent. In November 1978, the California Supreme Court issued an order to show cause, returnable before the San Francisco County Superior Court to inquire into the validity of petitioner's contention. At the hearing to set the order to show cause for hearing and to appoint counsel, Michael Korn, the attorney who had filed the habeas corpus petition, advised the court that petitioner was indigent and that he, Korn, was willing to represent petitioner by appointment by the court in view of petitioner's desire to have continuity of representation. After determining that the public defender had not appeared in the case or otherwise disqualified himself, the court stated that it was limited to the appointment of the public defender. The public defender was in fact appointed. Charlton petitioned this court, requesting that we mandate the superior court to appoint private counsel Korn. We denied the petition without comment. The Supreme Court without comment directed that we issue the alternative writ.

Initially, petitioner contends that the Supreme Court's granting of a hearing and retransferring the matter to this court for issuance of an alternative writ conclusively establishes that the respondent court had jurisdiction to appoint petitioner's current counsel to represent him in the habeas corpus proceedings. In *Atlantic Richfield Co.* v. *Superior Court* (1975) 51 Cal.App.3d 168, 170 [124 Cal.Rptr. 63], the court held that when the Supreme Court retransfers a cause to the Court of Appeal with directions to issue an alternative writ, the order establishes as conclusive all facts necessary to the issuance of the alternative writ, including the fact that "the petition raises a theory which will support the relief sought." (See also *Yoakum* v. *Small Claims Court* (1975) 53 Cal.App.3d 398 [125 Cal.Rptr. 882]; *Lang* v. *Superior Court* (1975) 53 Cal.App.3d 852 [126 Cal.Rptr. 122].) Petitioner reasons that had the respondent court no jurisdiction to appoint private counsel, the Supreme Court would not have directed the issuance of the alternative writ. Thus, by so directing the issuance of that writ, the Supreme Court necessarily determined that the respondent court had jurisdiction to appoint counsel other than the public defender, that is, jurisdiction to grant the relief sought by petitioner.

■ We do not agree that the Supreme Court's direction has the effect urged by petitioner. Had this court issued the alternative writ in the first instance, petitioner's argument would necessarily fail. The Supreme Court's direction that we issue the alternative writ, after our denial, is an expression on the part of the Supreme Court that we examine the contentions raised by petitioner and write an opinion evaluating those contentions. To accept petitioner's rationale would obviate the necessity of any more than a pro forma opinion by this court, reducing our function to that of remanding the cause to the superior court with directions that it exercise discretion as to whether to appoint private counsel or the public defender. This the Supreme Court could have done, had it so intended, by the issuance of a peremptory writ, without directing this court to issue its alternative writ. In the cases cited in support of petitioner's contention, the Supreme Court's direction to issue the alternative writ did not have the effect of disposing of the issue raised by the petitioner, as would be the case here if we accepted petitioner's rationale. We decline to follow the holding of *Atlantic Richfield* where to do so decides the cause. We note that the *Atlantic Richfield* court has itself departed from its broad ruling, concluding in *Krueger* v. *Superior Court* (1979) 89 Cal.App.3d 934 [152 Cal.Rptr. 870] (hg. den.), that a grant of hearing and retransfer did not cure fatal defects even in the form of the petition.

■

Next, petitioner contends that the trial court was not obligated to appoint the public defender because the habeas corpus proceedings are "civil" in nature, not criminal, and therefore the Penal Code sections relating to the appointment of counsel for indigent defendants are not applicable. Petitioner then argues that the court has discretion to appoint private counsel of his choice under the principles established in *Harris* v. *Superior Court* (1977) 19 Cal.3d 786 [140 Cal.Rptr. 318, 567 P.2d 750].

■ Although the statutory implementation of the indigent defendant's right to appointed counsel is in sections addressing the subject in the context of a criminal trial, not habeas corpus proceedings (see Pen. Code, §§ 859, 987), it is clear that an indigent criminal defendant prosecuting a habeas corpus petition to the stage reached here is entitled to appointed counsel. (See *People* v. *Barton* (1978) 21 Cal.3d 513, 519, fn. 3 [146 Cal.Rptr. 727, 579 P.2d 1043].) Penal Code section 987.2 conditions the power to compensate private counsel on the unavailability of the public defender. That section applies to habeas corpus proceedings by implication, as it refers to the appointment of assigned counsel for indigents "in a criminal trial, proceeding or appeal." A hearing on a petition for a writ of habeas corpus is a *proceeding* within that provision of the Penal Code. Furthermore, Government Code section 27706, subdivision (a) requires that the public defender must upon request represent any indigent "who is charged with the commission of any contempt or offense triable in the superior, municipal or justice courts at all stages of the *proceedings.*" The habeas corpus hearing is necessarily a *proceeding* relating to the commission of an offense within the courts listed.

Our inclusion of the habeas corpus hearing within those proceedings in which an indigent criminal defendant is entitled to appointed counsel is supported by the recent opinion in *Polakovic* v. *Superior Court* (1972) 28 Cal.App.3d 69 [104 Cal.Rptr. 383], wherein the court held that Penal Code section 987.2 encompassed the requirement of the payment of attorney's fees for appointed counsel for pursuing writs of prohibition and mandate relative to Penal Code sections 999a and 1538.5 proceedings, determining that in filing for extraordinary writs the attorney was representing the defendant in a "criminal trial, proceeding or appeal" (at p. 72).

Now we turn to the issue of what counsel the court must appoint for indigent criminal defendants. Section 987.2 provides for the assignment of counsel in such proceedings in a "county in which there is no

public defender, or in a case in which the court finds that because of conflict of interest or other reasons the public defender has properly refused to represent the person accused," in which event the court is authorized to compensate such assigned counsel. This section clearly limits the authority of the court to compensate assigned counsel to situations in which there is no public defender, or the public defender is unable because of a conflict of interest or other reasons to act.

*Harris* v. *Superior Court* (1977) 19 Cal.3d 786 [140 Cal.Rptr. 318, 567 P.2d 750], is of no assistance to petitioner. *Harris* required that the trial court consider the defendant's choice and various objective factors in appointing private counsel where the public defender is not available. Here, the public defender was available; therefore, *Harris* is inapplicable. In *People* v. *Massie* (1967) 66 Cal.2d 899, 910 [59 Cal.Rptr. 733, 428 P.2d 869], the court rejected a defendant's contention that he was entitled to the appointment of private counsel when the public defender was available to represent him. (See also *People* v. *Hughes* (1961) 57 Cal.2d 89 [17 Cal.Rptr. 617, 367 P.2d 33].)

Petitioner's reliance on *Smith* v. *Superior Court* (1968) 68 Cal.2d 547 [68 Cal.Rptr. 1, 440 P.2d 65], is misplaced. In *Smith* the court held that an attorney already appointed by the court and receiving public compensation should have been allowed to continue to represent the client on remand after appeal. Here, Mr. Korn had not been appointed and compensated by the court. Mr. Korn has been privately retained counsel throughout these proceedings. Furthermore, *Smith* involved a situation in which the public defender was unavailable because of a conflict of interest. For this reason, *Smith,* like *Harris,* is inapposite.

We conclude that in habeas corpus proceedings in which an indigent petitioner is entitled to and desires appointed counsel, the court is required to appoint the public defender if there is one, provided the public defender does not have a conflict of interest or cannot represent the petitioner for other good cause.

The alternative writ of mandate is discharged. Petition for writ of mandamus and prohibition is denied.

Feinberg, J., and Halvonik, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied August 1, 1979. Bird, C. J., was of the opinion that the application should be granted.