[Civ. No. 49920. First Dist., Div. Two. Nov. 20, 1980.]

BERNARD B. PEDLOW, Petitioner, v.
THE SUPERIOR COURT OF SONOMA COUNTY, Respondent.

COUNSEL

Ephraim Margolin and William S. Mount for Petitioner.

James P. Botz, County Counsel, and Richard W. Ergo, Deputy County Counsel, for Respondent.

OPINION

ROUSE, J.—Petitioner seeks a writ of mandate to compel respondent court to order payment of $85,750 as reasonable compensation for his services as an attorney. Petitioner was appointed by respondent to represent an indigent defendant in a capital case. He alleges that respondent has abused its discretion by ordering that a substantially lower sum ($38,470) be paid to him and that his further attempts to negotiate with respondent have been fruitless.

Earlier, this court summarily denied this petition because of petitioner's failure to offer any documentation or other record in support of the conclusionary allegations of his petition.

By its order directing that an alternative writ be issued, the California Supreme Court has determined that, in the ordinary course of law, petitioner is without an adequate remedy. (*Payne* v. *Superior Court*

(1976) 17 Cal.3d 908, 925 [132 Cal.Rptr. 405, 553 P.2d 565]; 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 94, p. 3870.) Nevertheless, such an order does not deprive a Court of Appeal of its discretion to determine whether the petition is sufficient. (*Krueger v. Superior Court* (1979) 89 Cal.App.3d 934, 936 [152 Cal.Rptr. 870]; see also *Popelka, Allard, McCowan & Jones* v. *Superior Court* (1980) 107 Cal.App.3d 496, 500 [165 Cal.Rptr. 748]; *Charlton v. Superior Court* (1979) 93 Cal.App.3d 858, 861 [156 Cal.Rptr. 107].) We have complied with the Supreme Court's directive to issue an alternative writ of mandamus and to place the matter on calendar for hearing. However, we must discharge the alternative writ without reaching the legal issues which petitioner seeks to raise. We do so because of the failure of petitioner to fulfill his pleading burden: the absence of any record of proceedings had in the lower court precludes this court from an intelligent consideration of petitioner's contentions.

The verified portion of the petition for mandate filed in this court alleges that petitioner is an attorney, a member in good standing of the California State Bar, and a bar-certified specialist in the criminal law; that on January 22, 1979, petitioner was appointed to represent Marvin (Doriano) Toolate in People v. Toolate, Superior Court No. 9469-C; that his client was charged with murder in the first degree with special circumstances, placing him in jeopardy of the death penalty; that petitioner accepted the appointment, expecting reasonable compensation under the criteria listed in section 987.3 of the Penal Code;[1] that the defense of his client consumed more than one year, the actual trial lasting four months, including lengthy jury selection and the penalty phase; that prior to trial several possible defenses were investigated, and that several pretrial motions were submitted, some of which entailed hearings and testimony and some of which were reviewed on pretrial writ petitions; that during the four-month trial petitioner was required to spend all of his time and effort on the case, to the total exclusion of his private practice; and that when the case was concluded, petitioner submitted to respondent court his request for $85,750 as reasonable compensation for his services.

A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. (*Lemelle* v. *Superior Court* (1978) 77 Cal.App.3d 148, 156 [143 Cal.

---

[1]Unless otherwise indicated, all subsequent code references are to the Penal Code.

Rptr. 450].) In *Lemelle,* the court declined to issue a peremptory writ because the defendant had failed to supply a record adequate to permit intelligent consideration of the lower court's exercise of discretion: ▮
*"Just as an appellant must furnish an adequate record on appeal* (see 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 373, p. 4345 and cases there cited), *a petitioner for an extraordinary writ to the trial court must furnish a record sufficient to enable the reviewing court to evaluate the lower court's exercise of discretion.* [Citations.] The starting point of such a record is a copy of the order to be reviewed. A proper record should include a copy of all declarations filed in the lower court. It should in most instances also include a transcript of any hearing. In the absence of a transcript the reviewing court will have no way of knowing in many cases what grounds were advanced, what arguments were made and what facts may have been admitted, mutually assumed or judicially noticed at the hearing. In such a case, no abuse of discretion can be found except on the basis of speculation. That is the situation in the case at bench." (Pp. 156-157; italics added.)

Although petitioner alleged in his petition that when the case was concluded, he submitted to respondent court his "request" for $85,750 as reasonable compensation, and that the court instead offered him, by "order," the sum of $38,470, petitioner failed to provide a copy of any motions or declarations regarding his request for attorney's fees filed by him in the lower court, failed to provide a copy of the order to be reviewed, and failed to provide a transcript of any hearing or proceedings in the lower court on his request; nor are we further advised of the subsequent "attempts to negotiate" with respondent court which have proved fruitless. While, at the hearing on the alternative writ, reference was made to a declaration of the trial judge, to an order of all the judges in the county, and to various practices in the county, no record of any of the foregoing documents or evidence of such practices is before this court.

No return was made by respondent court. Consequently, petitioner's entitlement to relief depends on his factual showing at the hearing "on the [verified] papers of the applicant." (Code Civ. Proc., § 1094; *Star Motor Imports, Inc.* v. *Superior Court* (1979) 88 Cal.App.3d 201, 205 [151 Cal.Rptr. 721].)[2]

---

[2]Rule 56(c), California Rules of Court, provides: "If... [an alternative] writ... issues, the respondent or real party in interest or both, separately or jointly, may make a return.... [T]he return shall be made at least five days before the date set for hearing."

The assignment of counsel to a defendant charged with a capital offense is mandated by section 987, subdivision (b) (amended Stats. 1971, ch. 1800, § 5, p. 3898, operative June 6, 1972). Although the public defender will ordinarily be assigned to defend persons charged with crimes who are financially unable to employ counsel (Gov. Code, § 27700 et seq.), section 987.2, subdivision (a), provides that "in a case in which the court finds that because of conflict of interest or other reasons the public defender has properly refused to represent the person accused," assigned counsel "shall receive a *reasonable sum for compensation* and for necessary expenses, *the amount of which shall be determined by the court*, to be paid out of the general fund of the county." (Italics added.)

■ A court is not under a duty to exercise its discretion in a particular manner, but may be compelled to exercise it in the first instance. (*Payne* v. *Superior Court, supra*, 17 Cal.3d 908, 925-926.) Assuming that, because of a conflict of interest, petitioner's appointment was proper, then a judge of the appointing court must consider the factors set forth in section 987.3 (added Stats. 1973, ch. 101, § 1, p. 163) in fixing a reasonable compensation to be awarded to petitioner for his services. Obviously the criteria for construing the term "reasonable sum for compensation" (former § 987a, now § 987.2), as set forth in the cases of *Hill* v. *Superior Court* (1956) 46 Cal.2d 169 [293 P.2d 10]; *Polakovic* v. *Superior Court* (1972) 28 Cal.App.3d 69 [104 Cal.Rptr. 383]; and *Halpin* v. *Superior Court* (1966) 240 Cal.App.2d 701 [49 Cal.Rptr. 857], are no longer applicable in view of the more recent enactment of section 987.3.

■ We conclude that petitioner has not met his pleading burden. Absent any record of proceedings in the lower court, we cannot determine whether the judge of the lower court in any manner failed to exercise the independent discretion required by section 987.2, subdivision (a), in light of the factors enumerated in section 987.3. We are precluded from an intelligent consideration of petitioner's conclusionary assertions. No abuse of discretion could be found except on the basis of speculation, and to afford petitioner relief, in a petition unsupported in the manner required, would afford him preferred treatment denied to other litigants. (*Krueger* v. *Superior Court, supra*, 89 Cal.App.3d 934, 936-940; *Lemelle* v. *Superior Court, supra*, 77 Cal.App.3d 148, 156-157.) In *Sherwood* v. *Superior Court* (1979) 24 Cal.3d 183, 186 [154 Cal.Rptr. 917, 593 P.2d 862], the California Supreme Court relied on *Krueger* in reiterating the rule that "A [petitioner] seeking review of a ruling of the trial court by means of a petition for extraordinary writ must provide

the appellate court with a record sufficient to permit such review." In the absence of such record, we are at a loss to understand why the Supreme Court directed the issuance of an alternative writ and transferred the case back to this court.[3]

The alternative writ is discharged, and the petition for writ of mandate is denied.

Taylor, P. J., concurred.

**MILLER, J.**—I dissent.

It appears that petitioner has not specifically met his pleading burden. Perhaps the records of the proceedings held below were not sufficient or ready. Nonetheless, it appears that the sum designated by the lower court is insufficient as payment for the services rendered by petitioner. I would, therefore, send the pleadings back for a more explicit and complete record.

A petition for a rehearing was denied December 19, 1980, and petitioner's application for a hearing by the Supreme Court was denied January 28, 1981.

---

[3]We note the dissent of our colleague, Justice Miller, and hasten to point out that there is nothing in this opinion which should in any way inhibit the petitioner from presenting his petition to the trial court for an award of an adequate fee, having in mind the factors set forth in section 987.3. Such action would establish a record for appropriate review by this court, if required.