Filed 12/10/25  Gee v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JOHN GEE,<br><br>      Petitioner,<br><br>            v.<br><br>THE SUPERIOR COURT OF MERCED COUNTY,<br><br>      Respondent;<br><br>COUNTY OF MERCED, et al.,<br><br>      Real Parties in Interest. | F090082<br><br>(Super. Ct. No. 24CV-00437)<br><br>**OPINION** |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Stephanie L. Jamieson, Judge.

Law Offices of Eric P. Oren and Eric P. Oren for Petitioner.

No appearance for Respondent.

Forrest W. Hansen, County Counsel, Jenna M. Anderson and Dusty B. Nunes, Deputy County Counsel, for Real Party in Interest County of Merced.

-ooOoo-

This writ petition arises from a wrongful termination action in which petitioner John Gee claims the County of Merced (County) fired him because of his cancer diagnosis. He challenges the trial court's denial of his motion to quash a subpoena duces tecum served on his former employer, Stanislaus County. County seeks the records to support its affirmative defense that Gee failed to mitigate his alleged damages. Gee contends the requested records are irrelevant to mitigation and protected by his constitutional right to privacy. For the reasons discussed below, we reverse the trial court's order in part and affirm it in part.

## BACKGROUND

### I. The lawsuit

Although none of the pleadings in this case are in the record, the parties agree in their lower court and appellate court briefing on the following facts underlying the lawsuit.

Gee has sued County for wrongful termination on a disability discrimination theory, contending the County fired him because of his cancer diagnosis. He alleges County hired him as a supervising appraiser in February 2022, and in May 2022 he received a stellar three-month review. In July 2022, he told the County that he had been diagnosed with cancer. He requested reasonable accommodations related to his illness and treatment, but County denied his request and fired him in December 2022.

Before his employment with County, Gee worked for Stanislaus County for 16 years—14 years in the county assessor's office as a senior appraiser and two in the county's Department of Workforce Department as a Business Services Manager II. He began the latter position in January 2020 and worked in that role "for two years." Nothing in the record explains why he left Stanislaus County.

### II. The deposition subpoena for business records

During written discovery, the County asked Gee if he had attempted to mitigate his lost income. Gee responded that he "looked for work and attempted to gain

2.

employment with Stanislaus County but was not hired" and that he "became self-employed."

The County then served a deposition subpoena for production of business records on Stanislaus County. The subpoena requested four categories of documents: (1) all documents in the County's control relating to the termination[1] of Gee's employment with the County; (2) all documents in the County's control relating to any adverse employment action[2] taken against Gee for the time period of "January 1, 2018, to the present"; (3) all documents in the County's control relating to any performance evaluations given to Gee for the period of January 1, 2018, to the end of his employment; and (4) all documents relating to any job applications Gee submitted to Stanislaus County.

## III. The motion to quash

Gee moved to quash the subpoena on the grounds that it sought irrelevant information, was overly broad, oppressive, and violated his constitutional right to privacy. He argued that the records from his previous employer, Stanislaus County, could not be relevant to his efforts to mitigate his damages after his termination from County. He further asserted his employment records are protected by the right to privacy in the California Constitution (art. I, § 1.) and thus are not discoverable unless County showed the information in the records was "directly relevant" to a claim or defense and essential to the fair resolution of the lawsuit. (See *Britt v. Superior Court* (1978) 20 Cal.3d 844, 859 (*Britt*).) He also contended the information sought from the records

---

[1] "Termination" was specially defined to mean "the actual or constructive termination of employment and includes a discharge, firing, layoff, resignation, or completion of the term of the employment agreement."

[2] "Adverse employment action" was specially defined to mean "termination, suspension, demotion, reprimand, loss of pay, failure or refusal to hire, failure or refusal to promote, or other action or failure to act that adversely affects [Gee's] rights or interests and which is alleged in [Gee's] complaint."

could be obtained through less intrusive means, such as written discovery asking him to describe his mitigation efforts.

County opposed, contending that although Gee's employment records are within the constitutional zone of privacy, protection is not absolute, and the records were discoverable because they were directly relevant and essential to the fair resolution of the case. (See *Britt, supra,* 20 Cal.3d at p. 859.) County theorized that Gee's employment records from Stanislaus County were directly relevant to its "affirmative defense that [Gee] failed to mitigate his alleged damages."[3] It argued that the records became relevant when Gee claimed he unsuccessfully sought employment with Stanislaus County after County terminated him. It explained: "If [Gee] was previously terminated from Stanislaus County due to performance related issues, such circumstances may have impacted his eligibility for rehire. That, in turn, directly relates to his duty to mitigate damages."

County also asserted that its request was narrowly tailored. And as to less intrusive means, County asserted that after Gee filed his motion, it propounded written discovery on Gee asking him to identify all prior employment within the last 10 years and to describe why he was separated from each. Gee objected on multiple grounds to the interrogatory asking for the reasons for separation—including relevance, overbreadth, and violation of privacy—and did not provide any substantive response.[4]

---

[3] As the pleadings are not in our record, we do not know if County has pleaded failure to mitigate damages as an affirmative defense.

[4] In response to another interrogatory from that same set, he listed the six employers to which he had applied for jobs since his termination from County, which included Stanislaus County Assessor's Office. In response to yet another interrogatory, he said that he started looking for work within 30 days of his termination by reviewing online job postings and that he had been granted interviews but was not hired. He added that he had attended online classes to complete 52 hours of coursework to renew an expired license to sell insurance in California. He claimed to have become self-employed in September 2023.

Finally, County stated in its opposition that Gee's employment records would be protected under the court's standing protective order.

Gee replied that the post-motion written discovery requests sought the same irrelevant information.

## IV. Trial court's ruling

The trial court issued a one-paragraph tentative ruling that began, "The affirmative defense of failure to mitigate damages generally relates to post-termination attempts to secure employment. However, one consideration in evaluating mitigation is the range of jobs that the plaintiff is qualified to perform." The court then noted the two positions Gee held during his 16 years with Stanislaus County. It continued:

> "While the moving papers state that [Gee's] post-termination application for employment with Stanislaus County Assessor's Office was rejected, the Stanislaus County employment records are still directly relevant to the contention that [Gee] failed to mitigate his damages by failing to make adequate attempts to find replacement employment. Alternatively, records showing a flawed employment history would also be relevant to the range of employment opportunities available to [Gee]. Accordingly, [Gee's] motion to quash the records subpoena for [Gee's] pre-employment records is denied."

At the motion hearing, County stated that Gee's "employment history is relevant to assessing the range of employment opportunities available to [him]," which in turn is relevant to its affirmative defense of failure to mitigate damages. In the end, the trial court found "that a compelling interest has been shown to obtain the information sought in the subpoena" and thus denied Gee's motion "for the reasons outlined and stated in the … tentative ruling." The court also found "that there are no less intrusive means" by which County could obtain their requested information because Gee had resisted written discovery pertaining to the information. The court added that the records would be protected by the court's standing protective order. The court later granted Gee a stay so he could file this writ petition.

5.

## V.     Writ petition

Gee filed this petition for a writ of mandate or an alternative writ challenging the trial court's denial of his motion to quash County's subpoena to Stanislaus County.  We issued an order to show cause.

## DISCUSSION

Gee argues the trial court abused its discretion in denying his motion to quash because (1) the records are irrelevant to his mitigation efforts, and (2) the court failed to apply the constitutional balancing test governing private information.

We conclude the trial court abused its discretion in denying Gee's motion with respect to most, though not all, categories of the records.  Documents concerning termination, adverse employment actions, performance reviews, and job applications submitted to Stanislaus County before leaving his employment there are irrelevant.  But documents relating to any job application he submitted to Stanislaus County after his termination from County are relevant and discoverable unless protected from disclosure by the constitutional right to privacy.

Further, even if the trial court failed to apply the constitutional balancing test, Gee does not show how that failure prejudiced him as to documents related to his post-termination job application to Stanislaus County.

We turn first to the relevance of each category of subpoenaed records.  We then address Gee's failure to show that documents relating to any post-termination job applications to Stanislaus County are protected from disclosure by the California constitutional right to privacy.  For the reasons that follow, the order denying the motion to quash is reversed in part and affirmed in part:  it is reversed as to all categories of documents except those relating to post-termination job applications to Stanislaus County.

6.

## I. Standard of review

An employee whose employment records are sought by a subpoena duces tecum may move to quash the subpoena. (Code Civ. Proc.,[5] §§ 1985.6, subd. (f)(1), 1987.1.) Grounds include irrelevance and privacy. (*Slagle v. Superior Court* (1989) 211 Cal.App.3d 1309, 1314–1315; *John B. v. Superior Court* (2006) 38 Cal.4th 1177, 1186.)

Like other discovery rulings, a ruling on a motion to quash is reviewed for abuse of discretion. (*Ross v. Superior Court of Riverside County* (2022) 77 Cal.App.5th 667, 680 (*Ross*).) "An abuse of discretion occurs if, in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and" causes prejudice to the party challenging the ruling. (*New Albertsons, Inc. v. Superior Court* (2008) 168 Cal.App.4th 1403, 1422.)

## II. Relevance

" 'California law provides parties with expansive discovery rights.' " (*Ross, supra,* 77 Cal.App.5th at p. 679.) Thus, "[u]nless otherwise limited" by court order, "any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action …, if the matter is itself admissible or appears reasonably calculated to lead to the discovery of admissible evidence." (§ 2017.010.) " ' "[F]or discovery purposes, information should be regarded as 'relevant to the subject matter' if it might reasonably assist a party in evaluating the case, preparing for trial, or facilitating settlement thereof." ' " (*City of Los Angeles v. Superior Court* (2017) 9 Cal.App.5th 272, 288.) Under this " 'very liberal and flexible standard of relevancy,' any 'doubts as to relevance should generally be resolved in favor of

---

[5] All statutory references are to the Code of Civil Procedure.

permitting discovery.' " (*Williams v. Superior Court* (*Marshalls of CA, LLC*) (2017) 3 Cal.5th 531, 542 (*Williams*).)

The trial court accepted County's position that all of the subpoenaed documents were relevant to County's affirmative defense of failure to mitigate damages. However, we hold that only one category of documents is relevant to mitigation of damages: documents relating to post-termination job applications submitted to Stanislaus County. The remaining categories are irrelevant to the issue of mitigation.

### A.    Mitigation of damages framework

In wrongful termination actions, the plaintiff is entitled to compensatory damages to make the plaintiff whole. (*Currieri v. City of Roseville* (1975) 50 Cal.App.3d 499, 507 (*Currieri*).) This may include backpay (the amount of money plaintiff would have earned from the employment from the time of termination to reinstatement or trial) and front pay (projected post-trial earnings and benefits the employee would likely have received). (*Mize-Kurzman v. Marin Community College Dist.* (2012) 202 Cal.App.4th 832, 873, fn. 17.)

Under the doctrine of avoidable consequences, also referred to as mitigation of damages, "a person injured by another's wrongful conduct will not be compensated for damages that the injured person could have avoided by reasonable effort or expenditure." (*State Dept. of Health Services v. Superior Court* (2003) 31 Cal.4th 1026, 1043.) In employment actions, "[t]he general rule is that the measure of recovery by a wrongfully discharged employee is the amount of salary agreed upon for the period of service, less the amount of salary agreed upon for the period of service, less the amount which the employer affirmatively proves the employee has earned or with reasonable effort might have earned from other employment." (*Parker v. Twentieth Century-Fox Film Corp.* (1970) 3 Cal.3d 176, 181 (*Parker*).) The employer bears the burden of proving the former employee's failure to mitigate his or her damages. (*Currieri, supra,* 50 Cal.App.3d at p. 507.)

These rules are reflected in CACI No. 3963, which sets out the three elements of the affirmative defense of failure to mitigate damages in the wrongful termination context. The instruction provides that the defendant employer must prove:

"1. That employment substantially similar to plaintiff's former job was available to him;

"2. That plaintiff failed to make reasonable efforts to seek [and retain] this employment; and

"3. The amount that plaintiff could have earned from this employment."

CACI No. 3963 identifies several non-exclusive factors to consider in determining whether employment is "substantially similar" to the plaintiff's former position:

"(a) The nature of the work was different from plaintiff's employment with defendant;

"(b) The new position was substantially inferior to plaintiff's former position;

"(c) The salary, benefits, and hours of the job were similar to plaintiff's former job;

"(d) The new position required similar skills, background, and experience;

"(e) The job responsibilities were similar;

"(f) The job was in the same locality[.]"

Documents relating to post-termination job applications Gee submitted to Stanislaus County are relevant to whether that position was substantially similar to his former position with County and to what he could have earned there. However, none of the other categories of subpoenaed documents bear on any element of the mitigation defense.

### B. Analysis

#### 1. *Records relating to post-termination job applications*

In its return to our order to show cause, County contends that documents relating to Gee's post-termination job applications to Stanislaus County are relevant for two reasons: (1) determining whether the position he sought was substantially similar to his former County job, and (2) "whether [Gee] acted reasonably in relying on this avenue of mitigation." We agree with his first reason and thus need not address the second.

For its failure-to-mitigate defense, County must first prove substantially similar employment was available to Gee. If County cannot establish this element, the reasonableness of Gee's efforts in seeking replacement employment is irrelevant. It is therefore pertinent whether the Stanislaus County job for which Gee applied was substantially similar to his former County job. Documents relating to his post-termination job application "might reasonably" contain information bearing on several of the CACI No. 3963 factors, including the nature of the work, job responsibilities, compensation, and locality.

#### 2. *All other subpoenaed records*

The remaining documents—those concerning Gee's prior termination, any adverse action, performance evaluations, and job applications submitted before he left Stanislaus County—are not relevant to mitigation.

The trial court accepted County's view that these records would illuminate the range of jobs Gee was qualified to perform and therefore help evaluate his mitigation efforts.[6] But Gee is not required to look for any and all jobs within his qualifications. Instead, a wrongfully terminated plaintiff is required only to seek employment "comparable, or substantially similar," to that wrongfully terminated. (*Parker, supra,*

---

[6] This ruling embraced *all* of the subpoenaed documents, including the documents that we just concluded were relevant.

10.

3 Cal.3d at pp. 181–182; see also CACI No. 3963.)  The full scope of Gee's qualifications is therefore irrelevant.

County advances another relevance theory in its return.  It argues the records may show Gee had little chance of being rehired by Stanislaus County, which in turn would show his efforts to reapply were unreasonable.  For example, the records could reflect Gee's performance at Stanislaus County or whether he left in good standing.  The reasoning is flawed.  The analysis turns on whether Gee made reasonable efforts to seek substantially similar employment, not whether he was likely to succeed.  Evidence bearing on the probability of rehire does not assist in evaluating the reasonableness of his efforts, and thus the documents shed no light on the mitigation issue.

As these other records are not relevant to mitigation or any other purpose the trial court or County identified, they are not discoverable, and the trial court accordingly abused its discretion in ruling they were.

### III. Privacy

Documents relating to post-termination job applications Gee submitted to Stanislaus County are relevant and thus discoverable unless protected from disclosure by the constitutional right to privacy.  Gee contends all subpoenaed documents are private, but we need evaluate only this category.

Gee asserts the records are protected by the right to privacy as guaranteed by the California Constitution and contends the trial court abused its discretion by failing to apply the required balancing test for evaluating privacy invasions.  He separately argues less intrusive alternatives, such as deposing him, could have provided the information sought.  These arguments fail.  Gee does not explain how any alleged error was prejudicial, which is fatal to his claim.  Moreover, consideration of less intrusive alternatives arises only after a party establishes that its privacy interest warrants protection under the circumstances, which Gee has not done.

11.

### A. Law and analysis

While the right to discovery is very broad, it is not absolute, particularly where issues of privacy are involved. (*Pioneer Electronics (USA), Inc. v. Superior Court* (2007) 40 Cal.4th 360, 370.) The California Constitution guarantees privacy as an inalienable right. (Cal. Const., art. 1, § 1.) Confidential personnel files at a person's place of employment are within the constitutional zone of privacy. (*Board of Trustees v. Superior Court* (1981) 119 Cal.App.3d 516, 528, disapproved on other grounds by *Williams, supra,* 3 Cal.5th at pp. 556–557, fn. 8.) This privacy interest is also recognized by section 1985.6, which requires advance warning and a specific warning to employees when employment records are sought by subpoena. (§ 1985.6, subd. (b)(1).) Gee thus has a legally protected privacy interest in all of the subpoenaed records, including documents relating to post-termination job applications submitted to Stanislaus County.

But possession of a privacy interest does not automatically bar discovery. In determining whether a discovery order or subpoena would violate state constitutional privacy rights, judges must apply the framework the California Supreme Court established in *Hill v. National Collegiate Athletic Assn.* (1994) 7 Cal.4th 1 (*Hill*). (*County of Los Angeles v. Superior Court* (2021) 65 Cal.App.5th 621, 629; citing *Williams, supra,* 3 Cal.5th at pp. 552, 556 [stating that *Hill* applies to a discovery dispute that " 'requires a court to reconcile asserted privacy interests with competing claims for access' "].) Under *Hill*, "[t]he party asserting a privacy right must establish a legally protected privacy interest, an objectively reasonable expectation of privacy in the given circumstances, and a threatened intrusion that is serious. The party seeking information may raise in response whatever legitimate and important countervailing interests [the] disclosure serves, while the party seeking protection may identify feasible alternatives that serve the same interests or protective measure that would diminish the loss of privacy. A court must then balance these competing considerations." (*Williams*, at p. 552.)

Gee argues the trial court abused its discretion by applying "none of" the *Hill* test and separately argues the court erred by failing to consider less intrusive alternatives. But he does not show how either alleged abuse of discretion was prejudicial. It is his burden as the petitioner to show a reasonable probability of a more favorable result in the absence of the error. (*Conservatorship of Farrant* (2021) 67 Cal.App.5th 370, 378 [reversal for abuse of discretion requires prejudice showing]; *Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800; *Pedlow v. Superior Court* (1980) 112 Cal.App.3d 368, 370–371.) Because consideration of less intrusive alternatives is relevant only after a privacy interest has been established, his separate argument on this point is also irrelevant. We address both claims together, as less intrusive alternatives are considered within the *Hill* balancing framework.

Under the *Hill* test, consideration of less intrusive alternatives to disclosure of subpoenaed records becomes relevant only after the party resisting disclosure first establishes (1) a privacy interest, (2) a reasonable expectation of privacy in the circumstances, and (3) a threatened serious intrusion. Gee does not address the second and third elements, asserting only that he has a privacy interest and that County could obtain the information through deposition.

Because Gee fails to show a reasonable probability of a more favorable result if the trial court had properly applied the *Hill* test, we cannot conclude any alleged error was prejudicial. And since less intrusive alternatives are relevant only after the initial *Hill* showing, we need not address his argument on that point. The documents are thus discoverable if they are merely relevant under section 2017.010—and they are.

## DISPOSITION

The trial court's order denying the motion to quash is reversed with respect to documents relating to termination, adverse employment actions, performance evaluations, and job applications Gee submitted before he left Stanislaus County. The

trial court's order is affirmed in all other respects.  The trial court shall enter a new order tracking our disposition.  Petitioner is awarded his costs on appeal.


                                                                    SNAUFFER, J.
WE CONCUR:


MEEHAN, Acting P. J.


DE SANTOS, J.